## HUGHES v. MULANAX.

(Court of Civil Appeals of Texas. Austin. April 9, 1913. Rehearing Denied May 7, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 327*)— SALE OF LAND — EFFECT OF TESTAMENTARY PROVISIONS.

In view of Rev. St. 1895, art. 2007, providing that particular directions in a will respecting the sale of any property belonging to the estate shall be followed unless annulled by an order of court, a testator can, under article 1991, providing that where a will has been probated its provisions shall be executed unless they are annulled by order of the court probating the same, so frame his will as to deny to the executor and probate court the power to sell property to pay debts or for any

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

other purpose until the provision of the will creating such limitation has been annulled or suspended.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1344; Dec. Dig. § 327.*]

2. EXECUTORS AND ADMINISTRATORS (§ 327*) —SALE OF LAND—EFFECT OF TESTAMENTARY PROVISIONS.

In the beginning of a will, the testator directed his executor to pay all his just debts, while the sixth and seventh paragraphs directed the executor to take charge of the real estate, but prohibited him from selling or incumbering the same, and directed him to lend all money coming into his hands until he had a fund of a certain amount, which was to be invested in realty. *Held,* that, as these provisions created an ambiguity, the will must be construed as authorizing the executor and probate court to sell land to pay debts, for, where a testator's intention is ambiguous, the will should be construed if possible so as to dispose of his property in a reasonable manner.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1344; Dec. Dig. § 327.*]

Appeal from District Court, Coleman County; J. W. Goodwin, Judge.

On motion for rehearing. Decided in conformity to the answers to question certified to the Supreme Court, which can be found in 153 S. W. 299.

J. P. Ledbetter, of Coleman, for appellant. Snodgrass & Dibrell, of Coleman, for appellee.

KEY, C. J. At the last term of this court this case was reversed, because it was the opinion of this court that the will set out in our former opinion prohibited both the executor and the probate court from making a sale of the land in controversy for the purpose of paying debts, or for any other purpose, until that provision of the will had been annulled or suspended by an order of the probate court. No such order was shown, and therefore we held that the case came within the purview of article 1991 of the Revised Statutes, which declares that when a will has been probated its provisions and directions shall be executed, unless the same are annulled or suspended by an order of the court probating the same.

Appellee Mulanax filed a motion for rehearing, and also a motion requesting this court to certify to the Supreme Court the question of the validity of the sale under which he claims title to the property. The latter motion was granted and this court certified to the Supreme Court two questions, which were: First, was the will sufficient under article 1995 to remove the estate beyond the jurisdiction of the probate court, and thereby to deprive that court of power to cause the land to be sold for the payment of debts? And, second, did the provision in article 1991 alone, or in connection with others, give to the sixth clause of the will and the probate thereof the effect to deprive both the executor and the probate court of

the power to make or cause to be made a sale of the land to pay debts until that provision of the will had been annulled or suspended by the probate court? The Supreme Court has returned to this court a copy of its opinion, in which it is held, in response to the first question, that the will did not remove the estate beyond the jurisdiction of the probate court; and, as to the second question, that court said: "In view of our conclusions, as above stated, and as the sale and conveyance of the land in controversy by the executor finds its ultimate support in the jurisdiction and orders of the probate court rather than in the independent power and authority of the executor, under the will, to sell and convey said land, we consider the second certified question immaterial. We accordingly answer the first certified question negatively, and make no answer to the second." Hughes v. Mulanax (Sup.) 153 S. W. 299.

With due respect to that court, we are unable to concur in the view that the answer made to the first renders the second question immaterial. This court, in effect held, as shown by its opinion, a copy of which accompanied the certificate, that even if the will did not take the estate out of the jurisdiction of the probate court, the clause thereof which prohibited the sale of real estate deprived that court of the power to require such sale to be made, until an order was made annulling or suspending that clause of the will. That was and still is the controlling question in the case, and the holding that the will did not deprive the probate court of jurisdiction over the estate does not render that question immaterial.

[1] We are still of opinion that a testator can so frame his will as to deny to the executor and the probate court power to sell specific property belonging to the estate for the purpose of paying debts, or for any other purpose, until the provision of the will creating such limitation has been annulled or suspended in the manner prescribed by the statute. And this is true, although the will may not withdraw the estate from the jurisdiction of the probate court; and we are confirmed in that construction of article 1991 by that portion of article 2007 which reads: "And when any particular directions are given by a testator in his will respecting the sale of any property belonging to his estate, the same shall be followed, unless such directions have been annulled or suspended by order of the court as hereinbefore provided." A direction in a will that certain property shall not be sold constitutes a direction respecting the sale of the property, and therefore is within the plain and ordinary meaning of the statute quoted. But, if mistaken in this construction of article 2007, we are still of opinion that the broad and comprehensive language of article 1991 should be held to include directions in a will prohibiting the sale of designated property.

The foundation of that article was section 155 of the probate law of 1870 (Laws 1870, c. 81; Article 5623, Paschal's Dig.), which provided that directions in a will for the management of an estate, or for the sale of property, must be confirmed by an order of the court before the executor or administrator was authorized, as against creditors, to pursue the same, where such directions differed from the mode of administration prescribed by that act. Succeeding sections prescribed the course to be pursued in order to confirm such directions in a will. In 1879, the commissioners who codified our statutes, having authority to do so, made material changes in reference to the execution of the provisions and directions contained in a will, by incorporating into that revision article 1938, which is exactly the same as article 1991 in the Revised Statutes of 1895, and article 3358 in the revision of 1911. As thus revised and changed, our statute is broad enough to include provisions of a will prohibiting the sale of specific property for the purpose of paying debts, or for any other purpose; and we are satisfied that it was intended to cover any and all provisions and directions contained in a will. Of course, it was not the intention to permit a testator to absolutely withdraw his property from the reach of creditors; and, in order to prevent that result, article 1991, and succeeding articles, point out the mode by which a creditor can have such a provision in the will annulled or suspended until the debts of the estate have been paid. Article 2007 is a substitute for section 82 of the probate law of 1876; and, as that section and the one for which article 1991 is a substitute specifically mentioned creditors, we see no reason why they should be excluded from those two articles which by their terms include all persons "interested in the estate."

[2] However, upon further consideration, we have reached. the conclusion that it was not the intention of the testator in the will here involved to deny the right and power to sell the land in controversy for the purpose of paying debts of the estate. In the very beginning of the will and constituting the first direction as to the disposition of his property, the testator said: "I direct that my executor hereinafter named pay all my just debts and discharge promptly all my legal obligations." The sixth paragraph directs the executor to take charge of the real estate, and contains a provision prohibiting him from selling or incumbering the same, except for the purpose therein stated. The seventh paragraph directs the executor to loan any and all moneys coming into his hands as such executor, until he has a fund amounting to $1,000, which he is then directed to invest in real estate.

Thus it will be seen that, if literally construed, a conflict might arise between the first paragraph, which directed that all debts be promptly paid, and the sixth paragraph, which provided that the executor should not sell real property, and the seventh paragraph, which directed him to loan *any and all moneys* received by him as executor. These conflicting provisions create an ambiguity, which we think should be solved by holding that it was the intention of the testator that all of his just debts should be paid, and that, if necessary to do so, his real estate might be sold for that purpose. One of the rules for the construction of a will is that, where the testator's intention as expressed in his will is ambiguous or obscure, such a construction should be adopted, if possible, as will dispose of his property in a just, natural, or reasonable manner. 40 Cyc. 1411. That rule, we think, has application to the will under consideration, and justifies the conclusion at which we have arrived. It is also intimated, though not distinctly held, by the Supreme Court in its opinion in this case, that the construction we now place upon the will is correct.

For the reasons stated, appellee's motion for rehearing is granted, the former judgment of this court is set aside, and the judgment of the trial court is affirmed.