## VOGT et al. v. MEYER et al.
### No. 5530.

Court of Civil Appeals of Texas. Amarillo.

March 15, 1943.

C. C. Jopling of La Grange for appellants.

Hollis Massey, of Columbus, and Paul Huser, of Austin, for appellees.

PITTS, Chief Justice.

It appears from the record in this case that Sophia S. Hoeffert died on May 4, 1939 in Schulenburg, Fayette County, Texas, leaving a will which was admitted to probate in the County Court of Fayette County, after which a controversy arose between the parties taking under the will and a suit was filed in the District Court of Fayette County to have the will construed. Appellants, who are complaining on this appeal, were plaintiffs in the trial court and are daughters of Sophia S. Hoeffert, deceased, and are namely Stella Vogt, Ellen Crouch and Addie Luce each respectively joined pro forma by her husband, and appellees, who were defendants in the trial court, are Minnie Meyer, individually, and as one of the administratrices of the estate of Sophia S. Hoeffert, deceased, Melba Neumann, Rosalin Williams, Gertrude Ivy, Minnie Sloan and. Caroline Waid, with their respective husbands joined as parties; it further appears that appellee, Minnie Meyer, is a sister of appellants named above and a daughter of Sophia S. Hoeffert deceased, and that appellees Melba Neumann, Rosalin Williams, Gertrude Ivy, Minnie Sloan and Caroline Waid, are daughters of appellee, Minnie Meyer, and granddaughters of Sophia S. Hoeffert, deceased.

The will presented to the trial court for construction is as follows:
"The State of Texas
"County of Fayette

"Know All Men by These Presents: That I, Sophis S. Hoeffert, Schulenburg, of the County of Fayette and State of Texas, being of sound mind and memory, *to* execute and publish this instrument as my last will and testament, hereby revoking and annu*li*ng any and all wills and codicils by me made heretofore. I will and de*g*ree that after my death my administrator, Henry Eilers, herein named shall pay and *l*equidate my debts which I may· leave unpaid. Physi*can*, nurse or nurses. Fune*rarel* or other expenc*ans*. Also a double tombstone with the inscription Father. Mother. I will and degree that all real estate shall stay in ta*k*t from two*w* to three years. As to the judgment of my Administrator Henry Eilers, my daughter Gertie Mitchon, having received a sum of money for her lot and the building of her home in Victoria, Tex. Shall receive one Hund*erd* dollers when any of the property is sold. Inclosed is che*x*k for the lot mentioned in Victoria Tex. George my son *c*hall also have one hund*ered* dollers when any property is sold. To my daughters Minnie Meyer, Ellen Crouch in Houston, Stella Vogt' in Schulenburg, Tex, Addie Luce in Houston, and my grandchildren, five daughters of Mr. and Mrs. Meyer, Melba, Gertrude, Minnie, Rosalin Williams in Houston, and Caroline. All five daughters of my daughter Minnie. (Wi*hl-*

ehmina) They shall from the real estate when sold share alike with my daughters herein mentioned. I also wish if any of the hous#old goods, furniture, garden utensils or *my* thing should be sold my children or grandchildren shall have the first chance of *by*ing at such a prize. They will be able to pay for. And when anything will be re-mo*vd* from the premises it shall be in the presents of *2* or three of my herein named *airs*. I also wish in*f*entory to be taken in the presents of two or three of my children. I hope you heirs will know I tried to do in the name of our Lord the right thing. After the passing away of my husband and your father and grandfather the grand-children herein mentioned were of great help to me. I trust that my Administrator Henry Eilers of Schulenburg, Fayette County will do his best to the interest of my heirs, Gods blessing for you all. Amen. W*hitt*ness my hand.

"(Signed) Sophia S. Hoeffert.
"Schulenburg, Fayette County.
"Nov. 9th 1938."

The trial court, without a jury, construed the above will by rendering judgment setting aside $100 each for George Hoeffert and Gertrude Mitchon and dividing the real estate equally among the nine remaining heirs, that is, the three appellants and six appellees above named giving each of them one-ninth interest in said real estate, and further adjudged that the said estate devised equally to said nine heirs was a fee simple estate which vested at the time of the death of testatrix and that the personal property of testatrix was not disposed of by the will except as to the extent of the legacies in favor of George Hoeffert and Gertrude Mitchon from which judgment appellants perfect their appeal.

Appellants contend in their first point or assignment of error that the trial court erred in construing the will to mean that it was the intention of the testatrix to divide the real estate into nine equal parts and thus allow each of her five granddaughters to share equally with each of her daughters; appellants contend further that a reasonable construction of the will would allow the five granddaughters to share together only one-fifth, or a child's part, of the real estate and that the real estate should be divided into five equal parts giving each of the four daughters one-fifth, and to the five granddaughters the remaining one-fifth, to share among themselves collectively.

We often find grandchildren standing in the shoes of a deceased parent and sharing jointly only a child's part of an estate but in this case the parent or mother of the grandchildren is Minnie Meyer, now living, one of the devisees, and an appellee together with the granddaughters.

■ Texas Jurisprudence, vol. 44, page 697, par. 139, lays down the following rule for construing a will: "Accordingly, when construction is necessary, the court will not adhere rigidly to precedent nor will it arbitrarily follow any rule save that which commands it to ascertain and effectuate the testamentary intent; while other rules are to be observed so far as practicable, they are not absolute or controlling. After all is said, each case must depend upon the ascertainment of the intention of the testator as manifested by the language of the will."

The above rule is supported by the following cases, all from the Commission of Appeals and approved by the Supreme Court of Texas: Darragh v. Barmore, 242 S.W. 714; Hunting v. Jones, 215 S.W. 959; Sailer v. Furche, 22 S.W.2d 1065; McMullen v. Sims, 37 S.W.2d 141; and Kostroun v. Plsek, 15 S.W.2d 220.

■ The same text and same volume, page 694, par. 138, lays down another rule as follows: "When a dominant or general intent is disclosed by the entire will, and a particular or special intent is shown by a clause or provision of the instrument, both will be carried out if possible. But the general intent will control, at least when it is clearly expressed, in case of conflict with a particular intent, if the two cannot be reconciled. In other words, the general intent appearing from the provisions of the will as a whole must prevail, and any particular clause or provision which, taken alone, would indicate a contrary intention, will yield thereto."

This rule is supported by Hughes v. Mulanax, Tex.Civ.App., 157 S.W. 217, and McMullen v. Sims, supra, and Hunting v. Jones, supra, as well as numerous other authorities.

■ The same text further provides, supported by ample authorities, that: "All rules of construction must yield to the evident intent and purpose of the testator", page 698; "All the authorities agree that in the interpretation of wills a more liberal rule of construction will be resorted to than in the construction of deeds of conveyance of real estate or other written in-

struments." page 700; "A will must be construed as a whole—'from its four corners'. That is, the instrument will be viewed in its entirety, and all its parts and provisions—every word, clause and sentence—will be considered and construed together." page 710; "When the language is ambiguous, evidence as to the circumstances attending the execution of the will may be considered * * *. When testamentary language is unambiguous the will is construed as it reads. The court may not change the language nor give to the will a meaning different from that warranted by its terms for the purpose of effectuating some supposed intention of the testator." pages 719 and 726; and "The court is not ordinarily concerned with the disposition that a testator makes of his property. If his intention to make a certain disposition is clearly discernible, the will must be enforced although the court may consider it unjust or absurd."

■ Applying the foregoing rules in so far as possible, we believe the trial court properly construed the will in holding that it was the intention of the testatrix to divide the real estate into nine equal parts with the named appellants and appellees to share equally. Appellants contend that in the following sentence taken from the will, "They shall from the real estate when sold share alike with my daughters herein mentioned." it was the intention of the testatrix to use the pronoun "they" in a "collective" sense and thus give all the five granddaughters only one of five shares, or a child's part, collectively, and they contend that it is unreasonable to presume it was the intention of the testatrix to give her granddaughters five-ninths of the real estate and her own daughters only four-ninths of same.

It appears from the record that the testatrix was an elderly woman when she wrote the will and that she was the mother of several children and the grandmother of at least five granddaughters, all of whom are married; that she was not versed in law; that she wrote her will in her own handwriting and it was natural that her language was not couched in legal terms, yet, she names all nine devisees in the same clause; that the testatrix gave a reason, it seems, for remembering her granddaughters, whose mother was still living and is now one of the heirs, when she said, "The grandchildren herein mentioned were of great help to me." It seems the testatrix placed her named granddaughters on equal footing throughout the will with her named daughters. We, therefore, overrule appellants' first point.

Appellants contend in their second point or assignment of error that the trial court erred in holding that the estate devised to the nine named appellants and appellees was a fee simple estate in all real estate in question which vested at the time of the death of the testatrix. They contend further that it was the intention of testatrix that the devisees should receive only the proceeds properly divided after the real estate is sold but not the fee simple title to the land and that all the rents and revenues from the said real estate prior to its sale should be governed and distributed according to the law of descent and distribution and be divided accordingly among the heirs in law. But, under the rules and according to the language of the will, we do not believe such was the intention of the testatrix and the second point or assignment of error of appellants is overruled.

Article 3314, of the Revised Statutes, provides that: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees * * * subject however, to the payment of the debts of the testator."

■ Texas Jurisprudence, vol. 44, page 707, par. 148, provides that: "A construction which would render the decedent intestate as to any part of his estate is not favored; that is, the law prefers an interpretation which will prevent partial intestacy if it can reasonably be given. Accordingly the court will endeavor to adopt a construction which will avert intestacy."

The above rule is supported by the following cases: Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145; Sanger v. Butler, 45 Tex.Civ.App. 527, 101 S.W. 459; Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163; Ellet v. McCord, Tex.Civ.App., 41 S.W.2d 110, and many others.

It is our opinion that it was the general intent of testatrix to dispose of her real estate in accordance with the construction the trial court placed on the will and that he placed a reasonable construction on the terms of the will. The case is therefore affirmed.