464

Court of Civil Appeals of Texas.
Austin.

Dec. 3, 1952.

Rehearing Denied Dec. 17, 1952.

McClain & Gauntt, by C. E. Gauntt, Georgetown, for appellants.

Wofford, Fullerton & Barkley, by W. C. Wofford, Taylor, for appellees.

ARCHER, Chief Justice.

This case was brought under the Declaratory Judgment Act, Art. 2524–1, Vernon's Annotated Civil Statutes of Texas, to determine a question of construction of the will of L. L. Hill, deceased, and to obtain a declaration of the rights and status of the legatees and devisees under said will. The will was duly probated in Cause Number 4503, in Williamson County, Texas. All of the legatees and devisees are parties to this suit.

The controversy between the parties concerns the construction of paragraph 4(c) of said will. Mae Hill Wallace, the daughter of the testator, contends that the testator intended his property in paragraph 4(c) should pass *per stirpes,* while the grandchildren of the testator contend that the property should pass *per capita.*

The trial court rendered judgment for the plaintiffs, Mae Hill Wallace et vir, holding that it was the intent of the testator that the beneficiaries named in paragraph 4(c) of said will take *per stirpes.*

The point of error is that the court erred in holding that under paragraph 4(c) of the will the beneficiaries named therein took the property *per stirpes.*

Paragraph 4(c) reads as follows:

"I give, devise and bequeath to my daughter, Mae Hill Wallace; and my grandchildren, Chas. Volney Hill; Lavette L. Hill; Velma Hill Meharg; Roger Hill Lindholm; Willard Hill; Elmer Hill; Daurice Hill Shaw, and Lavelle Hill Beaty, all my right, title and interest, I may have and own at the time of my death, consisting of all real estate of approximately 510 acres of land, 160 acres being near the town of Hare, in Williamson County, Texas, and 350 acres near the town of Milford, in Ellis County, Texas."

The point to be determined is should the grandchildren of the testator take their part of the property *per stirpes* or *per capita.*

In the event they take *per stirpes* the children of Thomas Hill would take one-third, the children of Charlie Hill would take one-third, and Mae Hill Wallace would

take one-third, and on the other hand each of the named in subhead (c) would share a one-ninth interest.

■ In an effort to correctly construe the above subsection (c) of paragraph 4 of the will, we keep before us the rule that the intention of the testator is to be ascertained from the language used by the testator and not from what we think he may have intended to say but did not say. Vogt v. Meyer, Tex.Civ.App., 1943, 169 S.W.2d 745; Holcomb v. Newton, Tex.Civ.App., 226 S.W.2d 670, error ref.; Banks v. Banks, Tex.Civ.App., 229 S.W.2d 99, error ref. n.r.e.

By the terms of his will L. L. Hill gave his property to his wife, if she be living at the time of his death; provision was made that in the event of the death of his wife before his death—she predeceased him—that Lonnie Hill, a son, should take a tract of 344 acres of land adjoining the town of Granger, together with all personal and mixed property, subject to a condition that Lonnie Hill pay to a daughter, Mae Hill Wallace, the sum of $5,000, and the sum of $5,000 to his daughter, Mae Hill Wallace and his grandchildren "Chas. Volney Hill; Lavette L. Hill; Velma Hill Meharg, and Roger Hill Lindholm, all children of my son, Charlie Hill, deceased; and Willard Hill; Elmer Hill; Daurice Hill Shaw, and Lavelle Hill Beaty, all children of my son, Thomas Hill, deceased, to be divided among them share and share alike, and my said son, Lonnie Hill, shall have five years from and after the date of my death in which to pay said Ten Thousand and No/100 ($10,000.00) Dollars."

Further provision was made that if Lonnie Hill did not survive the testator that the 344 acres are given to Mae Hill Wallace, subject to a condition that Mrs. Wallace pay the sum of $5,000 to certain named grandchildren, and being the same ones set out above, *share* and *share* alike.

In subsection (d) the testator provided that in the event of the death of Mae Hill Wallace that the bequests made to her be given to a grandson, Hill Wallace, a son of Mae Hill Wallace.

In subsection (e) provision was made that in the event that Lonnie Hill and Mae Hill Wallace be not living at the time of the death of the testator that all of his property should pass to and be given to his grandchildren, naming them and including Hill Wallace, and be divided among them according to the general laws of descent and distribution.

■ Taking the will as a whole with all of its provisions, it is our belief that the testator L. L. Hill intended to bequeath his property as set out in paragraph 4, subsection (c) above set out *per stirpes* and not per capita, and that one-third of the property was given to Mae Hill Wallace, one-third to the children of Thomas Hill, and one-third to the children of Charlie Hill.

In our decision that Mrs. Wallace took one-third of the property we have taken into consideration all of the provisions of the will, and the apparent purpose of the testator to bequeath his property to his children or their children on terms that to the testator seemed just.

No provision was made for the grandson, Hill Wallace, to receive anything except in the event of Mrs. Wallace's death, and in that event all that his mother would have taken.

In the instance of the $5,000 bequest to be paid by Lonnie Hill to Mae Hill Wallace and his grandchildren, children of the two deceased sons of the testator, the grandson Hill Wallace was not included, but a share was given to his mother, Mrs. Wallace.

Then in the provision giving the 344 acre tract to Mrs. Wallace in the event of the death of Lonnie Hill a sum of $5,000 was given to the named grandchildren *share* and *share* alike, and finally the provision that in the case of the death of both Lonnie Hill and Mae Hill Wallace, that all of his property be given to *all* of his grandchildren to be divided among them according to the general laws of descent and distribution, all of which indicates a continued effort to dispose of his property on a *per stirpes* basis.

Dubose v. House, Tex.Civ.App., 294 S.W. 935, error ref., is a case along similar issues as is this case. Vogt v. Meyer, supra.

■ Then, too, since the beneficiaries were of unequal degrees of relationship in

the same paragraph, the presumption ordinarily is that the classes should benefit equally. 57 Am.Jur. par. 1312, p. 863.

While we do not believe that subsection (c) of paragraph 4 of the will is so ambiguous as to not be clearly understandable, but if such were the case, the presumption is that the testator intended his property should go in accordance with the laws of descent and distribution. McMullen v. Sims, Tex.Com.App., 37 S.W.2d 141.

The judgment of the trial court is affirmed.

Affirmed.