J. G. BAILIE & BROTHER, plaintiffs in error, *vs.* GEORGE G. MCWHORTER *et al.*, defendants in error.

1. Where a will provides that the trustees shall hold and employ the property in trust for the sole use and benefit of the testator's son, during his life, permitting him, in the discretion of the trustee, to have such control over the property, and such only, as may be compatible with preserving the same unimpaired for the maintenance of the son, *free from all liability for any of his debts or contracts;* and in further trust, to dispose of the estate, on the death of the son, as the son, by last will, may direct and appoint; and, in default thereof, to hold in trust for the son's widow and children, if any he shall leave, share and share alike; and if none, then to divide the estate equally between the trustees of other trust estates created by the same will in behalf of other beneficiaries—the income of the property accruing during the life of the son is subject, in equity, to a debt contracted by him while managing the trust estate, for necessary supplies for himself and family, and for the use of the trust estate, the debt having been reduced to judgment, and the execution thereon having been returned *nulla bona.*

2. The trustee being dead and no successor appointed, a proper mode of securing the income for application to the debt, is to appoint a receiver : *24 Georgia Reports, 52.*

3. The wife and children of the debtor are not necessary or proper parties to the bill, he alone being interested in the income.

Trusts. Equity. Receiver. Debtor and creditor. Parties. Before Judge TOMPKINS. Richmond Superior Court. October Term, 1875.

The facts are sufficiently stated in the first head-note.

HARPER & BROTHER, for plaintiff in error.

W. H. HULL, for defendants.

BLECKLEY, Judge.

1. The court dismissed the bill, on demurrer, for want of equity. The defendant contends, not that the complainants have a common law remedy, but that they have no remedy at all. He insists, through his learned counsel, that the trust is executory, and falls within the case of *Edmondson vs. Dyson*, 2 *Kelly*, 307. On account of the executory character of the trust he denies that the rule announced in *Gray vs. Obear*, 54 *Georgia Reports*, 331, that a trust estate cannot be created for the sole benefit of a full-grown man, who is *sui juris*, applies. We can, for the purposes of the present case, concede these positions as to the *corpus* of the property, and still allow the complainants to proceed against the income. Beyond all dispute, the whole income during the life of the defendant belongs to him. And if so, it ought to be applied in equity to the complainants' claim, which is, according to the allegations of the bill, for necessary supplies sold to the defendant (whilst he was in the management of the trust estate,) for himself and family and for the use of the trust estate. We do not rule positively that the life estate in the *corpus* would not be subject to such a debt. That may remain an open question. The defendant insists that it is not; and that much may be yielded without defeating the complainants, inasmuch as it appears from the bill that the income is considerable; and we are well satisfied it accords better with the scheme of the will to spare the *corpus* and encroach upon the income only, whilst the latter is sufficient for the purpose.

2. Were there a trustee in possession he might be directed by the decree to pay out the income as it accrues, to the complainants, until their judgment was discharged: 24 *Georgia Reports*, 52. But there being no trustee the object may be accomplished by the appointment of a receiver. Thus, equity is not deficient in the means of administering appropriate relief in the case.

3. There was a special demurrer for misjoinder of parties,

the wife and children of McWhorter, the tenant for life, being joined with him as co-defendants. The court below made no ruling on that question, but we were requested in the argument to express our opinion upon it. As the cause will proceed to subject the income alone, McWhorter will be the only proper defendant, his wife and children not being interested in the income, simply in a contingent remainder in the *corpus*.

Judgment reversed.