BARNETT *et al. vs.* MONTGOMERY & COMPANY *et al.*

It was error, under the provisions of the will, and the facts in this case, to appoint a receiver and appropriate half of the rents annually to the complainants' debt until paid.

January 9, 1888.

Wills. Estates. Equity. Before Judge MADDOX. Floyd. County. At Chambers. September 10, 1887.

Reported in the decision.

ALEXANDER & WRIGHT, for plaintiff in error.

DEAN & EWING ; HALSTED SMITH, for defendants.

BLANDFORD, Justice.

Larkin Barnett died in 1862, testate, leaving an estate valued at about $98,000. The land belonging to his estate was valued at $8,360, and consisted of 440 acres known as the place where he lived. No executor was named in the will, but Samuel Johnson qualified as administrator. After providing for a settlement with three children by a former marriage, the will is as follows :

" ITEM 5. The several parts remaining to my present wife and her children shall form a joint estate in which they alone shall be interested, and I hereby clothe my executor or administrator with authority to manage the same for them, with instructions to use so much as may be necessary in the purchase of a tract of land suitable for farming purposes, with comfortable improvements at such place as my wife may select, which shall be a home for her and the children.

" ITEM 6. During my wife's widowhood, I desire that she and her children make the place thus selected their home, cultivating the land, and as far as possible supporting themselves and educating the children until they respectively arrive at age or marry ; and when each one arrives at age, I desire that his or her share shall be ascertained by appraisement and such share withdrawn. . . .

" ITEM 7. In case of my wife's death or marriage before each or all of her children have received their respective shares, I desire that a division shall be made at once between the children in case of her death, or between herself and her children in case of her marriage, the share of each child to be retained and managed by my executor or administrator until he or she arrives at age, or until the circumstances of each shall authorize a settlement. · I desire also that my executor or administrator, retain and manage as trustee for my wife that portion to which she will be entitled so long as she lives, permitting her to use the same or so much of the income as may be necessary for her ease and comfort, and at her death to divide the same equally amongst her children, but in no case is her share to be sub· ject to the debts, liabilities or contracts of her future husband."

A division of the estate, as shown by exhibit B attached to the bill, was made in June, 1871, in which seventy-four acres of land were set apart for the support of Mrs. Bar-

nett, and this she has been using since that time, but fails to get a support from it, as she is very aged, infirm and helpless, and has to depend upon her children for any deficiency, having no other resources.

Montgomery & Company obtained a judgment on the 15th of March, 1887, against Mrs. Barnett and D. T. Briscoe for $170.75, besides interest and costs. There being no property on which to levy, the complainants, Montgomery & Company, filed their bill setting forth the above facts, and praying for the appropriation of the rents, issues and profits to the payment of their judgment, and for the appointment of a receiver, etc.; answer being waived.

The defendants' answer admits all the facts set forth in the bill, but sets up the fact that the debt sued to judgment was not contracted for supplies or necessaries furnished to Mrs. Barnett. Exhibits A and B, attached to the bill, are admitted to be correct copies of the originals. On the hearing before the judge, the defendants submitted the affidavit of Mrs. Barnett, stating that she held possession of the seventy-four acres referred to, under and subject to the provisions of her husband's will, and had no other claim; also the affidavit of George S. Black, stating that Mrs. Barnett is an aged and infirm person, unable to help herself in any way; has to be put to bed, taken out and dressed by others; has not walked any in eight or ten years; her only means of support are such as she derives from the rental of her home place, the seventy-four acres referred to; there are only about twenty-five acres upon it fit for cultivation, and the rents reserved have not been sufficient to support her, and her children have been compelled to supply the deficiency. The defendants also submitted the affidavit of D. T. Briscoe, stating that the note, which was the foundation of the judgment mentioned, was given to complainants in lieu of one held on George S. Black, and that neither of said notes was given for supplies or necessaries furnished to or for the use of Mrs. Barnett or her farm; that since the note was given by himself and

Mrs. Barnett, he received from Black $130 to be applied to the debt, and that he used the same with Montgomery's consent, Mrs. Barnett receiving no part of it; the seventy-four acres of land are not sufficient to support Mrs. Barnett, especially in view of the fact that she is old and helpless, requiring constant attention from others, and occasionly medical attention.

Upon the hearing, the judge granted the injunction, appointed a receiver, and appropriated half of the rents to the complainants' debt annually until paid; to which the plaintiffs in error except.

We think the court erred in appointing a receiver and setting apart half of the rental of this land to the debt of Montgomery & Co. It is manifest from the bill and the answers, and it is not denied, that the support of Mrs. Barnett, who is now a very aged and infirm woman, is derived from this place, which is not hers, but belongs to her husband's estate, she merely being entitled to the use of it. When her husband died, he was possessed of a large estate, out of which he provided in this way for her support; the estate, like many others, was reduced by the results of the war, and all that was left for the support of this old woman was this little land. The rent from this land, only twenty-five acres of which are fit for cultivation, is not sufficient to support her. She is very infirm, having to be carried from her bed to her chair and back to her bed, and is mainly supported by her children. To set apart the income from this land to pay this debt, would be virtually to set aside the will of her husband. It should be borne in mind, that this was not a debt incurred on account of this estate. It was originally the debt of one George S. Black, who was her son-in-law, and she gave her note for it. Clearly there is no equitable reason why this debt should be paid out of the income arising from the estate of her husband; and to deprive her of this support, it seems to us, would be to render the will of the testator nugatory. So we think that the chancellor erred in appointing a receiver; and the judgment is reversed.