**In the Matter of Jack KINSLER, Debtor.**

No. 81–03582A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 29, 1982.

Charles M. Dalziel, Jr., Atlanta, Ga., for Bache Halsey Stuart Shields Inc.

Max Olim, Atlanta, Ga., for objectors.

Paul W. Bonapfel, Atlanta, Ga., for debtor.

## MEMORANDUM OF OPINION

A.D. KAHN, Bankruptcy Judge.

In this Chapter 13 proceeding, Bache Halsey Stuart Shields Incorporated ("Bache") and a group of individuals including Edmond Dayan, Sophie Dayan, Robert Feldser, Goldie Feldser, Rael D. Grosswald, Richard G. Grosswald, Samuel D. Grosswald, Dr. Reuben Kessler, Sarah Kessler and Al Tawil, who are known as the Objectors, are attempting to reach the various interests of Debtor Jack Kinsler in a trust. Bache, the Objectors, and the Debtor have each filed motions for summary judgment, pursuant to a pre-trial order entered by this court on March 25, 1982. After consideration of the record, the court makes the following findings of fact and conclusions of law.

The Debtor, Jack Kinsler, is a beneficiary of a trust created under Item III of the Last Will and Testament of his deceased wife, Ada Kinsler, as follows:

### "ITEM III

A. If my husband, JACK KINSLER, survives me (and if we die under such circumstances that it cannot be determined which died first, it shall be presumed that he survived and this bequest shall be effective), I give, devise and bequeath to my trustee hereinafter named all the rest and residue of my property of every nature, kind and description to be held in trust upon the following uses and purposes:

1. The trustee shall hold, manage and distribute property as hereinafter provided.

2. The trustee shall pay over to my husband all income from the property, in quarterly or more frequent installments, from the time of my death until his death.

3. The trustee shall be authorized to encroach on the principal of this trust at any time and from time to time in such amounts as the trustee may deem necessary, taking into consideration any other means of support that my husband may

have to the knowledge of the trustee, to provide for the support and reasonable comfort of my husband.

4. My husband shall have the power at any time and from time to time by instrument in writing signed by him and delivered to the trustee to direct the trustee to turn over any part of the property in this trust to or among such of my descendants or spouses of such descendants, and in such manner, in trust or otherwise, as my husband may in such instrument direct.

5. On the death of my husband, the property remaining in this trust shall be distributed by the trustee, free of the trust, to such persons and in such manner as my husband may by his Last Will and Testament direct or appoint, making express reference to this power, including the right in my husband to appoint the property and any portion thereof to his estate. Should my husband fail to so direct or appoint, then the property in this trust as to which he fails to exercise his power of appointment shall be distributed to my daughter, SUSAN MERYL KINSLER, or her lineal descendants if she is not in life.

6. On the death of my husband, the trustee shall be authorized to withhold distribution of any amount of property sufficient, in its judgment, to cover any liability that may be imposed on the trustee for estate taxes or other taxes until such liability is finally satisfied.

B. If at the time of my death or at any of the times herein provided for distribution of property, none of the persons herein named or described as beneficiaries shall be in life to receive the property, then my executors shall distribute all of my property to my heirs at law as if I had died intestate."

The Last Will and Testament also contains spendthrift language:

## "ITEM XIII

A. The interest of any income beneficiary named in the trust created by this instrument shall not be transferred, assigned, or conveyed and shall not be subject to the claims or liens or any creditor of such beneficiary; and if any such beneficiary shall execute any transfer, assignment, or conveyance of his interest, or if any such creditor shall attempt, through process of law or otherwise, to receive, seize or sequester such income interest, then the trustee thereof shall be authorized, in its sole discretion, to pay such income in whole or in part, as follows:

(1) to continue to pay such income directly to such beneficiary, or

(2) to pay such income to others (excluding such assignee or creditor) for the support or other benefit of such beneficiary.

B. There shall be no liability imposed upon any trustee hereunder who exercises in good faith the powers of distribution of income pursuant to the foregoing paragraph, whether or not such income is ultimately received by or for the benefit of any creditor or assignee of any such income beneficiary."

It appears undisputed that the Debtor's income from the trust averages over $2,000.00 per month. It further appears that the Debtor receives $1,103.65 per month from sources other than the trust.

The Debtor has taken the position throughout the bankruptcy proceedings that none of his interests in the trust are subject to the claims of his creditors, and that none of his interests are includable in the Chapter 13 estate. Bache and the Objectors disagree.

The major issues for decision are whether (1) the trust income, (2) certain powers granted the Debtor, and (3) the trust corpus, are part of the Debtor's Chapter 13 estate in bankruptcy. The determination of these issues is critical to confirmation of the Debtor's Chapter 13 plan.[1] First, the question whether the income interest is part of the Chapter 13 estate will be considered.

1. See 11 U.S.C. § 1325(a)(4).

Next, the question whether certain powers are part of the estate will be addressed. Finally, inclusion of the trust corpus in the Chapter 13 estate will be discussed.

### I.

■ The Debtor's income interest in the trust is restricted by Item XIII of the Last Will and Testament, which purports to prevent creditors from reaching the income in satisfaction of their claims against the Debtor. The enforceability of the restrictive language is determined by state law. If the restrictive language is enforceable, the income is not included in the Debtor's estate. If the restrictive language is *not* enforceable under state law, the income becomes part of the Debtor's estate.[2]

Courts in Georgia have upheld similar restrictive language, often called spendthrift provisions, in cases in which the beneficiary has attempted voluntary alienation of his interest in the trust, but the courts have ignored the spendthrift restraints and have not given effect to them where creditors have attempted involuntary alienation of certain of the beneficiary's interests in the trusts.[3] A case illustrating the latter principle is *Bailie & Brother v. McWhorter,* 56 Ga. 183 (1876), in which the Supreme Court of Georgia held that where the trust income belonged to the beneficiary during his life, it ought to be applied in equity to the claims of creditors. Contrary to the Debtor's argument, it was not crucial to the decision in *Bailie* that the creditors' claim was "for necessary supplies sold to the defendant (whilst he was in the management of the trust estate,) for himself and family and for the use of the trust estate." [4]

The court concludes that the restrictions in the trust on the transfer of the Debtor's income interest are not enforceable under state law against the claims of creditors, and that the Debtor's income interest in the trust is part of the Debtor's Chapter 13

estate. Thus, the Debtor's income from the trust may be used to fund the Chapter 13 plan, just as income from any other source might.

The Debtor urged that *In re McLoughlin,* 507 F.2d 177 (5th Cir.1975), is controlling. The disposition of the bankrupt's interest in income was not at issue in *McLoughlin, supra,* and it is not controlling in the case at bar.

The motion for summary judgment of Bache and the Objectors should be GRANTED in part, and the Debtor's motion should be DENIED in part.

### II.

■ The next question is whether the Debtor's powers of appointment under parts # 4 and # 5 of the trust are included in the Debtor's Chapter 13 estate.

In reliance on 11 U.S.C. § 541(b), the Debtor argued that the powers granted him under the trust, as well as the interest in the principal of the trust controlled thereby, are not property of the estate. In opposition Bache and the Objectors cited Georgia case law for the proposition that creditors may reach the Debtor's equitable interest in the trust.

The controlling provision of the Bankruptcy Code states:

> Property of the estate does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor.

11 U.S.C. § 541(b).

It has been suggested that the foregoing provision indicates "that if the power in question may be exercised for the benefit of another entity, but is capable of conferring benefit on the debtor also, it becomes property of the estate [footnote omitted]." [5]

Part 4 of the trust gives the Debtor the *inter vivos* power to direct the trust property "to or among such of my descendants or

---

**2.** 11 U.S.C. § 541(c). *See also* 11 U.S.C. § 1306.

**3.** Note, *Spendthrift Trusts in Georgia,* 6 Ga.L. Rev. 764 (1972).

**4.** *Bailie & Brother v. McWhorter,* 56 Ga. 183, 185 (1876).

**5.** 4 *Collier on Bankruptcy* ¶ 541.21 at 541–82 (15th Ed.).

spouses of such descendants . . . ." It does not appear that the Debtor could benefit from the exercise of the power, inasmuch as he is not a descendant of the testator.[6] Pursuant to 11 U.S.C. § 541(b), the court concludes that the power is not property of the estate.

Part 5 of the trust gives the Debtor the power to appoint the property in the trust by "his Last Will and Testament." Such a power does not benefit the Debtor. This conclusion is consistent with the result reached under the former Bankruptcy Act.[7] The court concludes that the testamentary power bestowed upon the Debtor by Part 5 of the trust is not part of the estate.

In conclusion, the powers granted under the trust are not property of the estate. Debtor's motion for summary judgment should be GRANTED in part, and the motions of Bache and the Objectors should be DENIED in part.

### III.

■ In addition to the questions whether the Debtor's income interest and the powers are part of the Debtor's Chapter 13 estate, there is an additional question raised by the parties: whether the Debtor's remaining beneficial interest in the trust, particularly his status as the beneficiary of the trustee's power to encroach on the principal of the trust for the Debtor's support, is part of the Chapter 13 estate, and whether this interest is subject to the claims of creditors. The Objectors and Bache argued that the Debtor's interest in the trust in excess of the Debtor's support needs is part of the Chapter 13 estate and subject to creditors' claims. In effect, they propose invasion ·of the trust corpus.

Case law must be examined to determine whether such a drastic measure may be permitted. In *Johnston v. Redd,* 59 Ga. 621 (1877), relied upon by Bache and the Objectors, the Supreme Court of Georgia recognized that when rents and profits from trust property were of greater value than what would reasonably support the beneficiary, the surplus might be applied to the payment of the indebtedness of the beneficiary. It does not appear that the Supreme Court specifically approved payment out of the corpus.

In *Bailie, supra,* while holding that trust income could be applied to creditor's claims, the Court stated:

> We do not rule positively that the life estate in the *corpus* would not be subject to such a debt . . . we are well satisfied it accords better with the scheme of the will to spare the *corpus* and encroach upon the income only, whilst the latter is sufficient for the purpose.[8]

Finally, in *In re McLoughlin,* 507 F.2d 177, 186 (5th Cir.1975), it was held that "the rights which the bankrupt received in the support trust are not subject to the control of the trustee in bankruptcy under § 70a(5) of the Bankruptcy Act." There the Fifth Circuit relied heavily on *Barnett v. Montgomery & Co.,* 79 Ga. 726, 4 S.E. 874 (1888), in which the Supreme Court of Georgia ruled that a support trust was not subject to the claims of the widow's creditors, while emphasizing that holding the trust subject to levy would defeat the purposes of the trust and the intention of the testator.

This court concludes that the overwhelming weight of authority requires the conclusion that the trust corpus may not be subjected to the claims of creditors, even assuming that the trust corpus itself contains

---

**6.** "Descendant" has been defined as "a person who proceeds from the body of another, such as a child, grandchild, etc., to the remotest degree." *Black's Law Dictionary* 563 (3rd Ed.).

**7.** Under the Bankruptcy Act of 1938, § 70a, the trustee in bankruptcy was "vested by operation of law with the title of the bankrupt, . . . to all . . . powers which he might have exercised for his own benefit, but not those which he might have exercised solely for some other person."

This provision did not apply to "testamentary powers of the bankrupt, since they are not 'powers which he might have exercised for his own benefit.'" Restatement of Property § 331, Comment c, at 1871 (1940). *See also* 4 *Collier on Bankruptcy* ¶ 541.21 at 521–82 (15th Ed.).

**8.** *Bailie & Brother v. McWhorter,* 56 Ga. 183, 185 (1876).

assets in excess of the Debtor's support needs. The Debtor's interest in the trust corpus results from the trustee's power to encroach upon the principal of the trust for the Debtor's support, "as the trustee may deem necessary." The Trustee cannot be compelled to make payments out of the corpus "except for the restricted purpose set out in the terms of the trust." [9] The Debtor's creditors cannot get more than that to which the Debtor is entitled, and that is exactly what they are attempting to do.

In conclusion, the Debtor's beneficial interest arising out of the trustee's power to encroach on the principal of the trust, does not result in any part of the trust corpus being part of the Debtor's estate or subject to the claims of creditors. The trust corpus is not part of the Debtor's estate. The Debtor's motion for summary judgment should therefore be GRANTED in part, and the motion of Bache and the Objectors should be DENIED in part.

### IV.

Two other points for discussion remain. ▮ Bache and the Objectors contended that the Chapter 13 Trustee has the right to sell the Debtor's interest in the trust if this is in the best interest of creditors.

The Chapter 13 Trustee is not charged with the duty of collecting and reducing to money the property of the estate, as is the Chapter 7 Trustee. 11 U.S.C. §§ 704, 1302.

Chapter 13 of the Code contemplates that the income of the debtor be distributed in accordance with a confirmed plan. The motion for summary judgment with regard to this point should be DENIED.

▮ Finally, the Objectors and Bache sought an order enjoining the trustee named in the trust from disbursing any income or property of the trust to or for the benefit of the Debtor or as directed by the Debtor. The Trustee under the trust, however, is not a party to these proceedings.

**9.** *In re McLoughlin,* 507 F.2d 177, 185, n. 19 (5th Cir.1975), quoting Restatement (second) of

At this time, no cause has been shown that warrants the relief sought. Therefore, the motion for summary judgment in this regard should be DENIED.

A pre-trial conference shall be held at 3:30 P.M., on the 14th day of December, 1982, in Chambers, Room 1776, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.

The Clerk is directed to serve counsel for Bache, the Objectors, the Debtor, and the Chapter 13 Trustee.

An appropriate order is entered contemporaneously herewith.

Trusts § 154, Comment b (1959).