## FARMERS' AND MECHANICS' SAVINGS BANK *vs.* WILLIAM S. BREWER AND ANOTHER.

A testatrix gave certain property to a trustee, the trust being expressed as follows : "upon the special trust that the income of said estate shall be paid by the trustee to my son W., semi-annually, on the first days of January and July, during his natural life, and upon his decease to go to his children or their legal representatives, and in default of such children to his right heirs." Held, that W. took a vested life estate in the income, which he could alienate.

Where the testatrix had been domiciled in this state, and all parties in interest had since resided here, and the original trust estate was here located, it was held that the rights of the *cestui que trust* were not brought under the laws of the state of New York, by the fact that the trust property had since been converted, under a general authority given by the will, into bank stocks of the state of New York.

BILL in equity. Cornelia S. Wyllis died on the 5th of July, 1849, leaving a will, by which, after giving to her son,

William H. Wyllis, $5000, to be paid in part on his arriving at the age of twenty-one years, and the remainder on his arriving at the age of twenty-five, she created a trust with regard to the remainder of her property, as follows: " I give, devise and bequeath all the rest and residue of my estate, wheresoever the same may be situate, and of whatsoever it may consist, to my honored mother, Mrs. Betsey Lathrop, upon the special trust following, that is to say: that the rents, profits, interest and income of said estate, after deducting all necessary repairs, charges, expenses and taxes, shall be paid by the trustee aforesaid to my said son, William Henry Wyllis, semi-annually, on the first days of January and July in each year, during his natural life, and upon his decease to go to his children or their legal-representatives; and in default of such children, to the right heirs of the said William Henry Wyllis." The will then provided that if the trustee named should decline or resign the trust, or die, the court of probate might appoint a trustee with all the powers of the original trustee—and that the trustee should have full power to sell the property, both real and personal, with the approbation of the court of probate and the assent of the said William, and invest the proceeds in other property, which should be held by the trustee upon the same conditions as the original property. The original trustee had died, and William L. Brewer, Esq., one of the respondents, had been appointed to the trust by the court of probate.

On the 12th of November, 1855, the said William H. Wyllis, being indebted to the petitioners, made an assignment to them, by way of mortgage, of the interest held by him in the trust property, and gave them a power of attorney, irrevocable in its terms, to demand of the trustee the income.

The present bill was brought to compel the trustee to pay over to the petitioners the income of the trust property, until the debt and interest should be paid. Notice of the assignment had been given to the trustee, and demand made, and he had refused to pay over. The trust property had, since the assignment, been converted into stocks, mostly of banks in the state of New York, and was of the value of

$9,500, and the annual income about $600. William H. Wyllis was made a party defendant.

On these facts the case was reserved for the advice of this court.

*Hovey* and *Halsey*, for the petitioners.

1. The power of alienation is annexed to the ownership of property, and restraints upon such power, excepting in settlements or gifts for the separate use of married women, are void. Littleton, § 720. Co. Litt., 379 b. 1 Smith's Lead. Cas., 183, 4, 5. Wms. on Real. Prop., 63, 4. 2 Sto. Eq. Jur., § 974 a. Lewin on Trusts, 138, 148. 1 Jarm. on Wills, 809, 815, 830. *Rockford* v. *Hackman*, 10 Eng. L. & Eq., 64. *Arden* v. *Goodacre*, id., 468.

2. The placing of property in the hands of a trustee, without clothing him with a discretionary power of appropriation, and upon no other trust than to pay the income to the beneficiary, at stated times during his life, does not divest the beneficial interest thereby created of the incidents of ownership. Such a trust gives to the beneficiary a vested equitable estate for life, which is alienable by him, and liable to be disposed of by operation of law *in invitum*, like any other property. *Grout* v. *Van Schoonhoven*, 1 Sandf. Ch. R., 341. *Brewster* v. *Brewster*, 4 id., 29. *Kane* v. *Gott*, 24 Wend., 667. Adams' Eq., 42, 53. 2 Story's Eq. Jur., § 974 a. Lewin on Trusts, 138. Whart. Dic. of Jur., 1017. *Brandon* v. *Robinson*, 18 Ves., 429. *Graves* v. *Dolphin*, 1 Sim., 66. *Green* v. *Spicer*, 1 Russ. & Mylne, 395. *Piercy* v. *Roberts*, 1 Mylne & Keen, 4. *Snowden* v. *Dales*, 6 Sim., 524. *Arden* v. *Goodacre*, 10 Eng. L. & Eq., 469. *Hallett* v. *Thompson*, 5 Paige, 583. *Dick* v. *Pitchford*, 1 Dev. & Batt. Eq., 480. *Heath* v. *Bishop*, 4 Rich. Eq., 46. *Donalds* v. *Plumb*, 8 Conn., 447. *Davenport* v. *Lacon*, 17 id., 278. *Imlay* v. *Huntington*, 20 id., 146, 171. *Johnson* v. *Connecticut Bank*, 21 id., 148. *Leavitt* v. *Beirne*, 21 id., 1. *Havens* v. *Healey*, 15 Barb., 296.

3. An estate may be given with a limitation or condition annexed that it shall cease and pass to some third person on

an attempt by the first taker to alienate or otherwise antici-pate the receipt of it; or, if the design of the donor or testa-tor be to provide a certain support for the object of his bounty, the estate may be given to trustees with power to apply the income according to their discretion, for the bene-fit of the *cestui que trust.* In the former case, the attempt to alienate the property or anticipate the receipt of it, puts an end to the estate; and, in the latter case, the interest of the beneficiary does not amount to property vested in him. 1 Jarm. on Wills, 823. *Lockyer* v. *Savage,* 2 Stra., 947. *Dommett* v. *Bedford,* 3 Ves., 149. *Cooper* v. *Wyatt,* 5 Mad., 482. *Shee* v. *Hale,* 13 Ves., 404. *Heath* v. *Bishop,* 4 Rich. Eq., 51. *Leavitt* v. *Beirne,* 21 Conn. 1.

4. The power of attorney contained in the instrument of assignment is irrevocable in terms, but, if it were not so, it would be irrevocable in law. *Hunt* v. *Rousmanier's Exrs.,* 8 Wheat., 174.

5. The will of Mrs. Wyllis, and the assignment of the bene-ficial interest in the trust estate thereby created, are governed by the laws of this state and not by the laws of New York.

The law of the trust and the rights of the parties can not be changed by the sale of the trust property in this state and the investment of the proceeds in stocks of banks located in the state of New York. 1 Jarm. on Wills, 2. 2 Greenl. on Ev., §§ 668, 671. *Holcomb* v. *Phelps,* 16 Conn., 127. *Law-rence* v. *Kittredge,* 21 id., 577. *Crofton* v. *Ilsley,* 4 Greenl., 134. *Vaughan* v. *Barclay,* 6 Whart., 392. If, by the rein-vestment of the trust property, the laws of New York are to govern and control the contract between the parties, the re-sult must be the same. *Kane* v. *Gott,* 24 Wend., 667.

*E. Perkins* and *Childs,* for the defendants.

1. The trustee under the will of Mrs. Wyllis takes a fee, the entire estate vesting in him, both legal and equitable. Hill on Trustees, 242. *Fisher* v. *Fields,* 10 Johns., 506. *Loveacres* v. *Blight,* Cowp., 352. *Chamberlain* v. *Thompson,* 10 Conn., 252. And the *cestui que trust's* interest is a mere

beneficial interest, which is not transferrable, not being vested. *Twopenny* v. *Peyton*, 10 Sim., 487.

2. The law of the state of New York regulates the income arising from the trust fund, the property in litigation being there situate. *Vanbuskirk* v. *Hartford Insurance Company*, 14 Conn., 593. *Atwood* v. *Protection Insurance Company*, id., 555. Story Conf. of Laws, § 383.

3. By the law of the state of New York, the accruing income from the trust fund established under Mrs. Wyllis' will is inalienable. *Hone* v. *Van Schaick*, 7 Paige, 221. S. C., 20 Wend., 564. *Gott* v. *Cook*, 7 Paige, 534. *Kane* v. *Gott*, 24 Wend., 661. *Noyse* v. *Blakeman*, 2 Seld., 567. *Leggett* v. *Perkins*, 2 Comst., 306. *Hallett* v. *Thompson*, 5 Paige, 583. *Clute* v. *Bool*, 8 id., 83.

4. It was clearly the intention of the testatrix to provide against an alienation of the interest of the *cestui que trust*. This is evident from the fact that the alienation of the income of the estate would defeat the objects of the trust. The provisions for the maintenance of the *cestui que trust* would be rendered of no avail. The intention of the testatrix, as thus manifested, will be sustained.

HINMAN, J. The right of the plaintiffs to a decree in their favor, depends upon the title which the defendant, William H. Wyllis, took to the income arising from that portion of the estate of his mother which was vested in a trustee for his and his children's benefit. If, as the defendants claim, the trustee under the will of Mrs. Wyllis took the entire estate, both legal and equitable, leaving to her son nothing but such portion of the income as the trustee, in his discretion, should see fit to allow or pay over to him, from time to time, then, undoubtedly, his beneficial interest would be so precarious as not to be susceptible of assignment; but, if he took the whole or a certain and definite portion of the income, then, to the extent of his interest in it, it is assignable like any other property.

The clause of the will by which this trust was created is in these words : " I give, devise and bequeath all the rest and

residue of my estate, wheresoever the same may be situated and of whatsoever it may consist, to my honored mother, Mrs. Betsey Lathrop, upon the special trusts following, that is to say: that the rents, profits, interest and income of said estate, after deducting necessary repairs, charges, expenses, and taxes, shall be paid by the trustee aforesaid to my said son, Wm. Henry Wyllis, semi-annually, on the first days of January and July, in each year, during his natural life, and upon his decease to go to his children or their legal representatives, and in default of such children to the right heirs of the said Wm. H. Wyllis." The will also provides for the appointment of other trustees by the judge of probate whenever vacancies arise, and authorizes the person discharging the duties of trustee, with the approbation of the judge of probate and of said Wm. H. Wyllis, to sell any portion of the trust estate and to invest the avails in other property, if deemed best for the interest of said Wm. H. Wyllis. Since the decease of Mrs. Wyllis, most of the property has been changed and transferred into stock in certain banking institutions in the city of New York, and the counsel of the defendants make the point that the title of the *cestui que trust* is to be determined by the law of New York. We do not know that the law of New York would be found to vary from our own on this subject, but, whether so or not, the claim is too clearly without foundation to require an examination of it. The trust was created under the law of Connecticut, where the testatrix and all the parties in interest resided at the time; and the property itself was then located here; and the trustees, as well as the *cestui que trust*, have always remained here; and the property, having all been converted into personal estate, must follow and be subject to the law of the domicil of its owners.

Coming then to the meaning of the will of Mrs. Wyllis, it is claimed by counsel that the object of vesting the legal title to the property in trustees was to preserve it for the use of her son, so that he could neither expend or waste the principal, or aliene or anticipate the income. That her object

was to preserve the principal of the fund is true, undoubtedly, because she has not given it to him in any event, but has provided that on his decease it shall go to his children or their legal representatives. But we discover nothing in the will to indicate that she intended to place any restriction upon his title to the income, and his right to dispose of it at pleasure. On the contrary, we think it was her clear intention that her son should take an unrestricted life estate in this income. There is nothing in the whole will to indicate that she doubted the capacity of her son to manage his property with discretion and care. She gave him a considerable portion of her estate absolutely, on his arriving at the respective ages of twenty-one and twenty-five years. But she also thought proper to limit his interest in the other portion, so that the principal of it should go to his children at his decease. Surely there is nothing unusual in this. At most, it only amounts to the fact that she did not choose to give to her son her whole estate, but only such a portion of it as she thought would be a sufficient provision for him. And in respect to the income during his life, she makes its regular payment to him as certain as could well be, by providing that it should be paid him semi-annually, on the first days of January and July in each year. It was necessary to have the property vested in a trustee, in order to preserve the principal for the children and heirs to whom she intended it should eventually go; and this is all that can be said to indicate any doubt that her son would preserve the estate, if she gave it all to him absolutely. It appears clear to us, therefore, that Wm. H. Wyllis had a vested life estate in the income, which he assigned to the plaintiffs; and as it is not denied that such an interest is assignable, like any other property, at the pleasure of its proprietor, it follows that the plaintiffs are entitled to the decree of the court, to enforce the payment of it to them, according to the terms of their assignment. And as we come to this result upon the construction of Mrs. Wyllis' will, we have no occasion to consider the question that has been made before us, as to the effect of a provision against alien-

ation—there being, upon our construction of it, no intention to impose such a restriction in the will.

In this opinion the other judges concurred.

Decree for plaintiffs advised.