Richmond.

YOUNG v. EASLEY & OTHERS.

January 7, 1897.

Absent, RIELY, J.

WILLS—*Income of trust fund—Liability for debts—Motive for gift.*—A testator
by will deposits with his executor, for the benefit of his daughter, a
sum of money and certain personal property, the annual interest and
income from which he directs "to be paid to her for her support"
during her life;
*Held*: The interest and income are liable for her debts. The words
"for her support" only show the motive for the gift.

Appeal from a decree of the Circuit Court of Halifax
county, pronounced March 28, 1894, in a suit in chancery
wherein the appellees were the complainants, and the appel-
lant and others were the defendants.

*Affirmed.*

The opinion states the case.

*James H. Guthrie* and *Henry Edmunds*, for the appellant.

*W. R. Barksdale* and *Wm. Leigh*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

The will of Thomas Young, late of Halifax county, dated
June 2, 1857, and probated April 25, 1858, contains the fol-
lowing clause, the construction of which is alone involved in
this appeal from a decree of the Circuit Court of Halifax
county, viz:

"I deposit in the hands of my executors hereafter named for

the benefit of my daughter, Frances C. Young, during her natural life, three thousand dollars, and also three negroes to be selected by herself, the three thousand dollars to be invested in State bonds or United States bonds or solvent bank stock, as my executors may deem best, and the annual interest arising from said bonds or stock, together with the proceeds from the labor of said slaves to be paid to her for her support, and after her death 1 give the said bonds or stocks, together with the said negroes and their future increase to the heirs of her body, if any, otherwise, I give the said bonds and also the said slaves and their future increase to the balance of my children," &c.    Some further provision was made for the daughter, Frances C. Young, but the principal sum was to be invested and held as the $3,000, and the income thereon paid to her by the executors.

The testator owned at the time of his death considerable property, both real and personal, the personal property consisting of slaves, securities, moneys, &c., all of which, except his moneyed estate, the testator by his will gave and devised to his widow, Sally Young, during her natural life.    The latter lived until some time in the year 1886, and in the meantime the slaves had been emancipated, and the personal estate greatly reduced, so that it now appears that the principal fund held by the executor of Thomas Young for the benefit of Frances C. Young amounts to but little over $3,000.

The Circuit Court of Halifax held that the accumulated income in the hands of the executor Thos. P. Bruce, who alone qualified as such, and the income thereafter to accrue on the investments, was liable to be subjected to the payment of the debts of the said Frances C. Young, and decreed accordingly.    It is from this decree that this appeal was allowed.

Counsel for appellant in support of their contention that the decree of the lower court is erroneous, rely mainly upon the cases of *Pope's Ex'or* v. *Elliott, &c.*, 8 B. Monroe (Ky.) 56; *Nichols* v. *Eaton,* 91 U. S. 716; and *Garland* v. *Garland,*

87 Va. 758, but an examination of those cases will disclose that neither of them can be considered as authority in the determination of the case at bar.

In the case of *Pops's Ex'or* v. *Elliott, &c.*, *supra*, the testator directed his executor to appropriate $25 per month to testator's son Robert's support, out of the income from a certain portion of the testator's estate set apart for that purpose. The testator gave nothing to be at the absolute disposal of his son Robert, and in fact gave nothing directly to him, more than a support to be furnished by the executor out of a designated fund. The court in its opinion says:"'It was evidently the intention of the testator, and it is, we think, the clear meaning of the will, not to put money in the hands of his son Robert to spend as he pleases. The will imposes upon the executor the trust and duty of appropriating $25 per month, or $300 per annum, to the support of Robert. The general character of the will and the particular provision, show that the testator had not confidence in the prudence and discretion of his son Robert, and therefore he places in the hands of others, means, and imposes on them the duty of supplying his support. To this end the executors are bound to furnish him a support to the extent of $25 per month. What they owe is a support and not money. The money will be in their hands, not for his use, but for their use in furnishing him a support."

In the case of *Nichols' Assignee* v. *Eaton*, *supra*, the mother of the bankrupt had bequeathed to him by will the income of a fund, with a condition in the trust that on his bankruptcy or insolvency the legacy should cease and go to his wife and children, if he had any, and if not, it should lapse into the general fund of the testatrix's estate, and be subject to other dispositions. The assignee of the bankrupt sued to recover the interest bequeathed to the bankrupt, on the ground that this condition was void as against public policy. But the Supreme Court of the United States, Mr. Justice Miller de-

livering the opinion, upon a review of the authorities, both English and American, held that the objection was not well taken; that the owner of the property might make such condition in the transfer of that which was his own; and in doing so violated no creditor's rights, and no principle of public policy.

The case of *Broadway National Bank* v. *Adams*, 133 Mass. 170, is cited as sustaining the doctrine laid down in *Nichols' Assignee* v. *Eaton*, but in that case the will under consideration provided that the income from the property or fund set apart should not be alienated by the beneficiary by anticipation, or be subject to be taken by his creditors in advance of its payment to him.

In *Garland* v. *Garland*, *supra*, the testator devised property in trust, with the conditions attached, that the profits are set apart for the brother's use under his superintendence; but neither the property nor the profits shall be bound for his past debts, or for his future debts or liabilities other than decent and comfortable support, and this court, citing as authority for its decision *Nichols' Assignee* v. *Eaton* and *Bank* v. *Adams*, *supra*, held, that the brother took no absolute estate, but only a qualified right to support from the profits, subject to no liabilities except for supplies for support, and the unexpended profits at his death passed to the remaindermen.

If it be conceded that the doctrine maintained in *Garland* v. *Garland*, *supra*, is now the rule in this State, it is difficult to perceive how the case at bar could be brought within its scope. There is absolutely nothing in the will of the testator, Thomas Young, to indicate that it was his intention to limit and confine the income from the trust fund, "deposited" in the hands of his executor, to the personal support of his daughter, Frances C. Young. There is nothing to show that the testator had not confidence in the prudence and discretion of his daughter. On the contrary, the will directs.

that the income on the fund be paid over to her, but there is
no direction or provision against anticipation or alienation by
her of the benefit or interest given; nor is there any intention
expressed or implied that the interest in the income from the
trust fund shall not be liable for or be subjected to the pay-
ment of her debts.    Neither is there any limitation over in the
event of bankruptcy, or upon the attempt of creditors to
reach the share or interest of the beneficiary in the funds.

It is true, the will says that the income is to be paid to
her "for her support," but these words serve only to show the
motive for the gift, and cannot be construed as affixing con-
ditions and limitations on it.    *Rhett & wife* v. *Mason's Ex'x*,
18 Gratt. 541; *Bain & Bro.* v. *Buff's Adm'r et als.*, 76 Va.
371.

We are therefore of opinion that there is no error in the
decree appealed from, and it must be affirmed.

*Affirmed.*