**Ira C. LITTLE, Sr., Appellant,**

v.

**Delphia D. DEATON et al., Appellees.**

**No. 4159.**

Court of Civil Appeals of Texas.

Eastland.

May 19, 1967.

Jones, Barnes, Watkins & Gay, W. Newton Barnes, Dallas, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, R. Daniel Settle, Ft. Worth, for appellees.

COLLINGS, Justice.

Ira C. Little, Sr., an alleged judgment creditor and assignee of Charles W. Deaton, brought suit against Delphia D. Deaton, individually and as independent executrix of the estate of C. N. Deaton, deceased, and as trustee of the trusts created in his will for the benefit of his four children, one of whom is Charles W. Deaton. Plaintiff sought a declaratory judgment construing said will, the extent of Charles W. Deaton's interest, if any, in said estate or trust, and for recovery of such interest to the extent of $30,000.00, plus interest. Plaintiff alleged that the will of C. N. Deaton, deceased, which appoints his wife, Delphia D. Deaton, independent executrix, directs payment of the expenses of his terminal illness, accrued debts, expenses of administration and applicable taxes, and devised to his wife as trustee any remaining property, directing that "after taking into consideration any unequal advancements or loans heretofore made to my children", the trustee shall divide said property into four equal shares one for each of said four children. By an amended pleading plaintiff alleged that Delphia D. Deaton had subsequent to the death of her husband paid certain sums to or for the benefit of Charles W. Deaton in derogation of the rights of the plaintiff and sought judgment against the estate of C. N. Deaton, deceased, and Delphia D. Deaton, jointly and severally for $21,279.41. Answers were filed by Delphia D. Deaton and all of the children of C. N. Deaton, deceased, except Charles W. Deaton. Mrs. Delphia D. Deaton filed a motion for summary judgment with affidavits attached stating the value of the distributable estates, the loans or advancements to each of the four children, showing that after taking into consideration the unequal advancements and loans to Charles W. Deaton, that the said Charles W. Deaton had no interest in the estate of C. N. Deaton, deceased, or the trust created by his will. Delphia D. Deaton further stated under oath that any monies paid by her to or for the benefit of Charles W. Deaton after the death of C. N. Deaton, deceased, were paid from her separate estate and property. The plaintiff filed an answer to Mrs. Deaton's motion for summary judgment and also filed a motion for summary judgment. Summary judgment was rendered by the court that plaintiff, Ira C. Little, Sr., take nothing. He has appealed.

The record shows that C. N. Deaton died on August 26, 1961, and was survived by his wife Delphia D. Deaton and four children, to-wit; Pauline Bell Pennock, Charles William Deaton, Robert Dwight Deaton and Jack Lenuel Deaton. He left a will which was probated in the County Court of Palo Pinto County. It was declared in the will that all of the testator's property was community property of his marriage to Delphia D. Deaton, who was appointed independent executrix of his estate. The will devised to her as trustee any of his property remaining after the payment of debts, expenses of administration and applicable taxes. The devise to the trustee was as follows:

"Section 1. After taking into consideration any unequal advancements or loans heretofore made to my children, this bequest shall be divided into four equal shares and one such share shall be held in trust for each of my four children.

Section 2. My Trustee may accumulate or pay all or any part of the income of each trust estate to the beneficiary or beneficiaries thereof as she may determine in her absolute discretion. My Trustee may also distribute any portion of the corpus of each trust estate to any beneficiary or beneficiaries thereunder as she may determine in her absolute discretion.

Section 3. Upon the death of my wife, the principal and accumulated income, if

any, of the above described trusts shall be distributed to the beneficiary of each such trust, or as such beneficiary may have appointed or designated in said beneficiary's will."

It was alleged by appellant that he had secured a judgment against Charles W. Deaton for $30,000.00, plus interest, payable out of the interest of said Charles W. Deaton in the estate of C. N. Deaton, deceased, or the trust created by the will of said C. N. Deaton, deceased; that a writ of attachment was thereafter served on appellee, Delphia D. Deaton, on January 19, 1962, and that Charles W. Deaton assigned $30,000.00 of his interest in the estate to appellant.

Appellee, Delphia D. Deaton, in addition to other pleadings, filed a motion for summary judgment attaching thereto her affidavit and the affidavit of William I. Murrell, an accountant, that after payment of all expenses of last illness, funeral, applicable taxes, debts and expenses of administration, the estate of C. N. Deaton, deceased, had a value of $210,656.74. It was further stated in said affidavits that advancements or loans made to C. N. Deaton's four children prior to his death were as follows:

| | |
|---|---|
| Jack L. Deaton ........$ | 65,235.11 |
| Charles W. Deaton .... | 134,362.70 |
| Robert D. Deaton ...... | 71,944.34 |
| Pauline Bell Pennock .. | 20,000.00, and |

that after taking into consideration these advancements or loans no part of the estate of C. N. Deaton was distributable to or for the benefit of Charles W. Deaton in trust or otherwise.

Appellant urges points contending that the court erred in granting appellees' motion for summary judgment and in refusing to grant summary judgment for appellant asserting that he has acquired a present vested interest in the trust estate of Charles W. Deaton to the extent of $30,000.00; that to the extent of $30,000.00 he has succeeded to the interest of said Charles W. Deaton in the estate of C. N. Deaton and the trust created in the will for his benefit. Appellant says that a present vested interest has been validly assigned to him to the extent shown.

Appellees agreed that appellant's claim stands in the same legal position as that of Charles W. Deaton before the fixing of the attachment, the entry of the judgment and the execution of the assignment. Appellees assert, however, that even if, after taking into consideration the unequal advancements or loans, there remained any property in trust for Charles W. Deaton, neither Charles W. Deaton nor his assignee appellant have any present right thereto; that under the terms of the will the beneficiaries are entitled to the corpus and accumulated income, if any, only upon the death of Delphia D. Deaton; that, therefore, neither Charles W. Deaton nor his assignee, appellant, can demand a present distribution of any assets of the estate or trust. Appellees are correct in the contention that neither Charles W. Deaton nor appellant can now recover any portion of the corpus of the estate or accumulated income. Appellant, however, does not seek such relief but seeks only a declaratory judgment establishing his right to the first $30,000.00 in money or property that may be paid or distributed from the estate to the said Charles W. Deaton, and that he have judgment against appellee Delphia D. Deaton for the sum of $21,279.41, which appellant asserts she has already paid to the said Charles W. Deaton from said trust estate.

Vernon's Ann.Tex.Civ.St. Article 2524-1, Section 2 provides that:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise and ob-

tain a declaration of rights, status, or other legal relations thereunder."

■ Although appellant had no immediate right to demand distribution, he did have a vested interest in the estate if Charles W. Deaton had such an interest. 90 C.J.S. Trusts page 80; Schmidt v. Schmidt, Tex.Civ.App., 261 S.W.2d 892 (Ct.Civ.Apps.1953, writ ref.). Where the cestui que trust has acquired a present vested interest in the estate, such interest may be levied on and alienated. Estes v. Estes, 267 S.W. 709 (Com.Apps.1924, opinion adopted by Supreme Court); Kelly v. Womack, 153 Tex. 371, 268 S.W.2d 903 (Sup. Ct.1954). Also, contrary to appellees' contention appellant had a justiciable interest which entitled him to institute and prosecute this suit. Article 2524–1, supra, supports a determination of his rights by declaratory judgment.

■ In other points appellant contends that the court erred in granting appellees' motion for summary judgment because there were genuine issues of material fact concerning the value of the estate in question and the amount of the loans and advancements made to Charles W. Deaton by C. N. Deaton, deceased. We cannot agree with appellant's contention that the material advancements and loans are limited to those made prior to the date of the will. The advancements and loans contemplated are those made at any time before the death of C. N. Deaton. Provisions of a will with reference to the estate speak and take effect as if the will had been executed immediately before death of the testator. Henderson v. Ryan, 27 Texas Reports, page 670. Neither can we agree with appellant's contention that the advancements and loans, if any, are to be charged against the community estate of C. N. Deaton and Delphia D. Deaton. A testator has the right to direct in his will that stated debts be deducted from the share granted to a beneficiary. That, in effect, was the provision of the will here under consideration. Such a provision is effective even though the

debt is barred by the statute of limitation. 96 C.J.S. Wills pages 1022–1026.

■ Summary judgments, however, are proper only when there is no disputed material fact issue and the burden of establishing the absence of such an issue is upon the movant. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (Sup.Ct.1952).

■ To be entitled to a summary judgment appellee had the burden to establish the value of the distributable estate of C. N. Deaton, deceased, and the amount of advancements and loans to each of his children. The parties apparently agree that these are material fact issues in the case. The question is whether or not they have been established by appellees. To establish the value of the estate and the amount of the advancements and loans, in such manner as to entitle her to judgment appellee relies upon affidavits by herself and William I. Murrell, who was and has been the bookkeeper for testator and appellee since 1952. Appellee and her bookkeeper were both interested witnesses and the general rule is that the testimony of an interested witness does no more than raise a fact issue to be determined by the jury. This is not sufficient to support a summary judgment. See James T. Taylor, etc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371 (Sup.Ct.1960). An exception to the general rule is applicable when the testimony of the interested witness is clear, direct and positive and there are no circumstances tending to discredit or impeach such testimony, and the exception is particularly applicable in cases where the opposite party has means and opportunity to disprove the testimony, if untrue, and fails to do so. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Sup.Ct.1965). Under the record in this case the exception is not applicable. The record shows genuine issues of material facts concerning the value of the estate, the amount of the loans and advancements to the children in question, and whether the payment of $21,279.41 by

appellee to Charles W. Deaton was from the estate of C. N. Deaton, deceased. The court erred in granting appellees' motion for summary judgment. We overrule appellant's point contending that the court erred in not entering summary judgment for him.

The judgment is reversed and the cause is remanded.