**In re Scott Arthur YOUNG, Debtor.**

No. 01–40540–S.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Aug. 28, 2003.

Debbie L. Grass, Wendell H. Livingston, Becket & Lee LLP, Malvern, PA, for Creditor.

Bruce Edward Turner, Carrollton, TX, for Debtor.

## OPINION

DONALD R. SHARP, Chief Judge.

NOW before the Court is the Debtor's Amended Motion To Determine Property as Exempt filed by Scott Arthur Young ("Debtor"). The Court considered the pleadings filed and the evidence adduced at trial. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed his voluntary petition for relief under Chapter 7 together with his Schedules and Statement of Financial Affairs as required under 11 U.S.C. § 521. Included among his Schedules and Statement of Financial Affairs was Schedule C- his schedule of property claimed as exempt. The Debtor elected the State of Texas exemptions applicable pursuant to 11 U.S.C. § 522(b)(2)(A). The Debtor listed no interest in real property. The aggregate current market value of the exempt personal property listed by Debtor on his original Schedule "C" was $21,461.63. The Debtor's father died on or about March 2, 2001 but clearly within 180 days of the petition date. Whereupon, on April 18, 2001, the Debtor amended his Schedule "B" and Schedule "C" to reflect the Debtor's interest in a discretionary trust acquired under his father's Last Will and Testament and the codicils thereto. In addition to adding the interest in the trust, the Debtor used his amendment to Schedule "C" to change the legal basis of his claim of exemption from State to Federal statutes listing 11 U.S.C. §§ 522(d)(2), (3) or (10) for all but the interest in the trust. The Debtor specified that 11 U.S.C. § 541(c)(2) [SIC] provided the legal basis for such exemption. The fair market value of the interest in the discretionary trust was listed as "unknown". The discretionary trust is allegedly funded by a stream of revenue from the Debtor's late father's shares in Partners Energy Corporation, a business in which the Debtor's father was allegedly sole shareholder. The Debtor is one of four beneficiaries of such trust.

An order was entered by this Court granting the Debtor a discharge on June 12, 2001 and the case was closed. On motion of the Chapter 7 Trustee, the case was reopened and the Chapter 7 Trustee withdrew her report of no assets. The Debtor filed his Motion To Determine Property as Exempt which was later amended ("Motion"). The Chapter 7 Trustee filed a Response objecting to the

Motion and the matter came on for trial. Prior to trial, the Debtor filed a third amendment to his schedules, Amended Schedule "C", to reflect the value of the Debtor's interest in the discretionary trust as $40,000. In addition, Amended Schedule "C" changes the legal basis for the Debtor's claim of exemption in the discretionary trust from 11 U.S.C. § 541(c)(2) to three case cites: "*Hughes v. Jackson,* 125 Tex. 130, 81 S.W.2d 656 (1935); *Kalpack [SIC] v. Torres,* 829 S.W.2d 913 (Tex.App.-Corpus Christi 1992, writ den.); [and] *San Angelo Savings v. Shurley,* 179[171] B.R. 769 (5th Cir.-Western Dist.1994)".[1] At the conclusion of the trial, the Court took the matter under advisement following an opportunity for the parties to file briefs. None were forthcoming.[2]

## DISCUSSION

Amended exemption claims are generally allowed, absent bad faith, concealment of property, or prejudice to creditors. *In re Fournier,* 169 B.R. 282 (Bankr.D.Conn.1994). In this case, the amendment was prompted by an event beyond the Debtor's control, his father's death. He amended his schedules within a reasonable period of time thereafter. "[W]hile the Trustee has the burden of proving that exemptions are not properly claimed, the initial burden is with the Debtor to establish that the exemption, as claimed, is of the type covered by the statute." *In re Gregoire,* 210 B.R. 432, 436 (Bkrtcy.D.R.I.1997) *in dicta.* The Motion before the Court requests this Court determine the Debtor's interest in the discretionary trust exempt on two bases: (1) by operation of Fed.R.Bankr.P. 4003 as a result of the Chapter 7 Trustee's failure to object to the exemption listed on Schedule "C" of the Amended Schedules filed on April 18, 2001 and (2) because the subject discretionary trust is in the nature of a spendthrift trust the assets of which are shielded from creditors under State Law.

Respecting the procedural argument, the Chapter 7 Trustee admitted that she had not objected timely to the Amended Schedules filed April 18, 2001, but argued the obligation did not arise until the Debtor actually claimed the property as exempt by citing to a proper legal basis for the claim of exemption. The Chapter 7 Trustee opined that there was no basis to object because the Debtor listed the interest in the discretionary trust in an "unknown", unspecified value and cited to 11 U.S.C. § 541(c)(2)[3] rather than a State of Federal statute on exempt property. Her rationale is that "... § 541(c)(2) has nothing to do with exemptions. It's a property

---

1. The citations are not correct. "Kalpack" should be "Kolpack". The Court believes the intended third citation is: *In re Shurley,* 171 B.R. 769, 8 Tex.Bankr.Ct.Rep. 314 (Bankr. W.D.Tex.1994) *as reversed by Matter of Shurley,* 115 F.3d 333, Bankr.L. Rep. P 77,423, 11 Tex.Bankr.Ct.Rep. 259 (5th Cir.1997); *Rehearing and Suggestion for Rehearing en Banc Denied by Matter of Shurley; Shurley,* 124 F.3d 195 (5th Cir.(Tex.)1997); *Certiorari Denied by Texas Commerce Bank–San Angelo v. Shurley,* 522 U.S. 982, 118 S.Ct. 444, 139 L.Ed.2d 380, 66 USLW 3283, 66 USLW 3348, 66 USLW 3354 (1997).

2. After the date of the trial, but within the time provided under Federal Rule of Bankruptcy Procedure 4003(b), the Chapter 7 Trustee filed an Objection to the Debtor's Claim of Exemptions in response to the Debtor's amended Schedule "C". Upon there being no response filed to same by Debtor, an order was entered granting the relief by default. The order was subsequently vacated by this Court given that the identical issue was under advisement.

3. "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable bankruptcy law is enforceable in a case under this title." *11 U.S.C. § 541(c)(2).*

of the estate provision and that's why I elected not to object to it. It's not a proper exemption .... he hasn't actually claimed it as exempt. What he claimed was that it wasn't property of the estate." The Court need not reach the issue of whether listing the wrong statute as a basis for an exemption on Schedule "C" is a fatal to the claim. The Debtor was correct that Fed.R.Bank.P. 4003 applies. However, it offers little comfort to him because the Debtor's counsel waived such defense. Upon filing the Amendment to the Schedules on April 19,2002, the Debtor's counsel reopened the issue, at least as to the trust property, and triggered the tolling of a new 30 day period within which the Chapter 7 Trustee was permitted to object. *In re Bell*, 225 F.3d 203 (2d Cir. 2000) *cf. Matter of Kazi*, 985 F.2d 318, 323 (7th Cir.1993) [limits application to items actually amended] citing to *In re Payton*, 73 B.R. 31 (Bankr.W.D.Tex.1987) (holding that filing of "any" amendment does not reopen the time period for asserting an objection; trustee could object only to actual amendments to the list); *In re Payton*, 73 B.R. 31 (holding that filing of "any" amendment does not reopen the time period for asserting an objection; trustee could object only to actual amendments to the list). Based upon the forego-

ing, the Chapter 7 Trustee's objection to the Debtor's claim of exemption is timely; the Debtor's procedural argument fails.

■ The substantive aspect of the Debtor's argument is more convoluted than his procedural argument. A debtor filing a voluntary petition in bankruptcy in the State of Texas may elect property claimed as exempt from either the Federal exemptions under 11 U.S.C. §§ 522(b)(1) and (d) or the Texas Property Code exemptions made applicable pursuant to 11 U.S.C. § 522(b)(2)(A). In this case the Debtor initially elected the State of Texas exemptions (Feb. 16, 2001), amended to elect under the Federal statutes providing for exemptions (April 18, 2001), but then amended Schedule "C" again to claim the exemptions under the Texas Property Code (April 19, 2002). Under the Texas Property Code, "[p]ersonal property, as described in Section 42.002, is exempt from garnishment, attachment, execution, or other seizure if: (1) the property is provided for a family and has an aggregate fair market value of not more than $60,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property;....". *V.T.C.A. Texas Property Code, Section 42.001.*[4] The

---

**4.** V.T.C.A. § 42.001(a) is entitled "Personal Property Exemption".

V.T.C.A. § 42.002 identifies the following personal property is exempt under Section 42.001(a):

(1) home furnishings, including family heirlooms;

(2) provisions for consumption;

(3) farming or ranching vehicles and implements;

(4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession;

(5) wearing apparel;

(6) jewelry not to exceed 25 percent of the aggregate limitations prescribed by Section 42.001(a);

(7) two firearms;

(8) athletic and sporting equipment, including bicycles;

(9) a two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person;

(10) the following animals and forage on hand for their consumption:

(A) two horses, mules, or donkeys and a saddle, blanket, and bridle for each;

(B) 12 head of cattle;

(C) 60 head of other types of livestock; and

(D) 120 fowl; and

(11) household pets.

Debtor's Schedules and Statement of Financial Affairs indicate that the Debtor was a married man on the date of the filing of the voluntary petition. Therefore, the provision for a ceiling of $60,000 aggregate value under sub-section one applies to his claimed exemptions.[5]

The Court has determined that the relief requested in the Debtor's Motion must be denied. There is no legal basis under which the Debtor may exempt this property. After the Debtor amended his Schedules, the property claimed as exempt consists of property defined in § 42.002 of the Texas Property Code with a value of $21,461.63, the addition of the claimed value for the interest in the trust increases the claimed exemption to an aggregate of $61,461.63.[6] The interest in the trust clearly is not of the type identified in § 42.002. Even were the Debtor to revert back to the Federal exemptions abandoned by his April 19, 2002 amendment to schedules, the $40,000 portion of the property claimed as exempt would exceed any amount which the Debtor might claim as

exempt under 11 U.S.C. § 522(d) [e.g. § 522(d)(5) together with the unapplied portion to which he might be entitled under § 522(d)(1)].

■ The Debtor's only hope of retaining the benefits of the trust, having exhausted the statutory protections, would be to exempt them under other applicable non-bankruptcy law, state law or to have the Court determine that the property is not property of the estate as contemplated under 11 U.S.C. § 541. Perhaps this is the purpose of the reference to § 541(c)(2) in the amended April 18, 2001 Schedule "C".

■ The three cases listed by the Debtor on Amended Schedule "C" filed April 19, 2002, as the legal basis for his claim of exemption provide him no relief. *Hughes v. Jackson,* 125 Tex. 130, 81 S.W.2d 656 (1935) merely speaks to the issue of a trustee's right to use his sound judgment and discretion as to how he will distribute the expenditure of the fund among or be-

---

Under V.T.C.A. § 42.002(b) Personal property, unless precluded from being encumbered by other law, may be encumbered by a security interest under Subchapter B, Chapter 9, Business & Commerce Code, or Subchapter F, Chapter 501, Transportation Code, or by a lien fixed by other law, and the security interest or lien may not be avoided on the ground that the property is exempt under this chapter.

**5.** In addition, (b) The following personal property is exempt from seizure and is not included in the aggregate limitations prescribed by Subsection (a):

(1) current wages for personal services, except for the enforcement of court ordered child support payments;

(2) professionally prescribed health aids of a debtor or a dependent of a debtor; and

(3) alimony, support, or separate maintenance received or to be received by the debtor for the support of the debtor or a dependent of the debtor.

(c) This section does not prevent seizure by a secured creditor with a contractual landlord's lien or other security in the property to be seized.

(d) Unpaid commissions for personal services not to exceed 25 percent of the aggregate limitations prescribed by Subsection (a) are exempt from seizure and are included in the aggregate.

TX PROPERTY s 42.001 "Personal Property Exemption"
Acts 1983, 68th Leg., p. 3522, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 1991, 72nd Leg., ch. 175, § 1, eff. May 24, 1991; Acts 1997, 75th Leg., ch. 1046, § 1, eff. Sept. 1, 1997.

**6.** Thin evidence was adduced as to the value of the Debtor's interest in the trust and no foundation was laid for same or support given. The $40,000 value applied by the Court in this Opinion is taken from the Debtor's third set of Schedules filed April 19, 2002 as supported by argument at trial. It is a value not controverted.

tween the beneficiaries. Alternatively, the *Hughes* case could be offered here as support for the proposition that as to a discretionary trust, no interest vests in the *cestui que trust. Ibid* at 136, 81 S.W.2d 656. The *Hughes* Court clarified, though: "no interest goes to the third person until the trustees have exercised this discretion." *Ibid* at 136–137, 81 S.W.2d 656. Therefore, the interest passes upon the trustee's exercise of such discretion. If the interest in the proceeds of the trust vest in the beneficiary only upon distribution by the trustee at the trustee's discretion, then the interest is an equitable interest. An equitable interest of this type (right to an inheritance acquired within 180 days of the date of filing of the voluntary petition) becomes property of the estate under 11 U.S.C. §§ 541(a)(1) and (5). Debtor's counsel apprized the Court during the trial that "Scott Young's portion is worth some $20,000 in cash, which is held in trust and an interest which has been valued at about $20,000." No evidence or information was adduced in support of or clarifying these pronouncements. The Court was not informed as to the name or names in which such funds are being held or the identity of the bank or repository holding them. The Court has not been informed of the date upon which such proceeds moved from the corporate account to the trust account or even if the funds "in trust" are being held at a qualified Federal depository. Regardless, "Where the cestui que trust has acquired a present vested interest in the estate, such interest may be levied on and alienated." *Estes v. Estes,* 267 S.W. 709 (Com.Apps.1924, opinion adopted by Supreme Court). Therefore, the information and evidence produced by the Movant regarding these funds is insufficient to carry his burden and to rebut the presumption that such funds are property of the estate to be paid to the Chapter 7 Trustee for the benefit of creditors. Specifically, the Court has no information rebutting the conclusion that the Debtor acquired a present vested interest in at least $20,000 of trust proceeds within 180 days of the filing of his voluntary petition.

The second case to which Debtor's counsel *cites, Kolpack v. Torres,* 829 S.W.2d 913 (Tex.App.-Corpus Christi 1992, writ den.) deals with a suit affecting the parent child relationship. The significance of the case was the holding that a trial court could not obligate the trustee of a discretionary trust to make disbursements directly to a child support obligee out of the trust income without imposing that obligation first on the beneficiary parent. In dicta, that court mentioned that a creditor of the beneficiary could not reach the trust property until distributed to the beneficiary. In other words, the creditor may not compel a distribution. It is a "timing" issue not an alienation issue. *See: Little v. Deaton,* 416 S.W.2d 828, 832 (Tex.Civ. App.-Eastland 1967) ["Although appellant had no immediate right to demand distribution, he did have a vested interest in the estate if [beneficiary] had such an interest."] citing to 90 C.J.S. Trusts page 80; *Schmidt v. Schmidt,* Tex.Civ.App., 261 S.W.2d 892 (Ct.Civ.Apps.1953, writ ref.); *Estes v. Estes,* 267 S.W. 709 (Com. Apps.1924, opinion adopted by Supreme Court) ["Where the cestui que trust has acquired a present vested interest in the estate, such interest may be levied on and alienated."]; and *Kelly v. Womack,* 153 Tex. 371, 268 S.W.2d 903 (1954). Again, in the case before the Court, if the Debtor has acquired a present vested interest in such funds, they are subject to the claims of creditors. For the evidentiary reasons more particularly described hereinbelow, the Court finds that Debtor has failed to demonstrate that he did not acquire a present vested interest in the funds within 180 days from February 16, 2001.

The question in *In re Shurley*, the third case offered by Debtor as support for his claim of exemption, was whether the debtor's interest as the beneficiary of a family trust is property of the Chapter 7 bankruptcy estate. The Bankruptcy Court for the Western District of Texas held in the *Shurley* case that the debtor's interest in the trust was property of the estate because it did not qualify for spendthrift trust or discretionary trust protection under section 541(c)(2) of the Bankruptcy Code. *In re Shurley*, 171 B.R. 769, 776 (Bkrtcy.W.D.Tex.1994). The U.S. District Court affirmed the Bankruptcy Court. However, the Fifth Circuit Court reversed the District Court on appeal. *Matter of Shurley*, 115 F.3d 333 (5th Cir.1997). Both rehearing and writ of certiorari were denied. The Bankruptcy Court and District Court held that the entirety of the debtor's interest in the trust was property of the bankruptcy estate. However, upon review, the Fifth Circuit Court limited the estate to the property contributed to the trust by the debtor. ["[T]he property which Shurley herself contributed to the trust ... is not protected from creditors under state law and is therefore property of the bankruptcy estate, [...] all other assets of the trust are not property of the estate." *Ibid* at 338.[7]].

Given that the trust at issue in the case at bar is not a self-settled trust, the question for this Court is whether this trust qualifies under the laws of this State as a spendthrift trust protected from the claims of creditors as argued by the Debtor[8]. The burden of proof rests with the Debtor. This Debtor's evidence fails to meet his burden.

At the trial, photocopies of a document entitled Last Will and Testament of Joel W. Young, apparently executed on or about July 21, 1999 (Plaintiff's Exhibit 1), and photocopies of four alleged codicils to same were admitted into evidence without objection (Plaintiff's Exhibits 2, 3,4 and 5 [dated respectively: October 15, 1999 together with a self proving affidavit dated October 13, 1999; May 2, 2000 together with a self proving affidavit dated of even date therewith; January 29, 2001 together with a self proving affidavit dated of even date therewith and February 28, 2001 together with a self proving affidavit dated of even date therewith] ).[9] Not one of the copies is certified or verified. No witness authenticated the documents. Indeed, no witnesses were called by either party. The Debtor's counsel argued that the "probate is being handled". There is no evidence of the will being probated (e.g. testi-

---

7. The *Shurley* Court held that "the partially self-funded spendthrift trust is only partially subject to creditors' claims," noting further that "[a] llowing creditors to reach only the self-settled portion of the trust is consistent with the long-standing rule of Texas law that a settlor should be allowed to create a spendthrift trust that shields trust assets from the beneficiary's creditors ... The bankruptcy court's ruling ignores the wishes of Shurley's parents, the primary settlors of the trust, and the state policy respecting their expectations. 'Spendthrift trusts are not sustained out of consideration for the beneficiary. Their justification is found in the right of the donor to control his bounty and secure its application according to his pleasure.' Allowing creditors to reach only that portion of the trust contributed by Shurley would further the policy of allowing her parents to create a spendthrift trust for the benefit of Shurley that is protected from her creditors, while giving effect to the exception for self-settled trusts." *Shurley, supra*. See, also, *Matter of Goff*, 706 F.2d 574, 582 (5th Cir.1983).

8. "... we have a discretionary trust. And under the terms of that trust, it's treated like a spendthrift clause. It's exempt from the claims of creditors while it's held in trust." *See transcript of hearing at page 10, ll.5–8.*

9. Plaintiff's Exhibit 6 is a copy of the Debtor's Amended Schedules dated 4/18/01.

mony, affidavit, copy of Application for Order of Probate, copy of an order probating the will in the Texas court or any other court, a notarized statement from the clerk of the probate court). There is no proof before the Court that the Last Will and Testament admitted as Exhibit 1 has been determined by a court of competent jurisdiction to be the Last Will and Testament pursuant to which the estate of Joel Young is being distributed. There is no evidence that it was tendered to such court timely. Furthermore, a note on the Fourth Codicil, being the latest codicil allegedly executed by Debtor's father, indicates the signature of Joel W. Young was affixed by notary in the presence of the witness under Section 406.0165 of the Government Code.[10] Inconsistent dates within the documents further weigh against the credibility of these documents.[11] This Court has no

affidavit or testimony from the estate executor or the beneficiaries to resolve any issues arising from inconsistencies within the documents. An unprobated will is ineffective to transfer title to property. *Becton v. Alexander*, 27 Tex. 659, 1864 WL 2737 (Tex.1864) "[W]ill, could have been a valid testamentary disposition but was rendered ineffective because it was not probated within the required time." Thus, the property passed by intestate succession. *Chambers v. Chambers*, 542 S.W.2d 901, 905 (Tex.Civ.App.1976). *Taysum v. El Paso Nat. Bank, et al.*, 256 S.W.2d 172 (Tex.Civ.App.1952) *reh. denied* ["In case of testamentary trust, before the will has legal effect it must of course be admitted to probate. The admission of the will to probate may not be sufficient to constitute a trust enforceable in law."]. All of the aforementioned shortcomings weigh against the

10. In Exhibit 1, the testator makes a declaration identifying his two children. Under the allegedly originally executed will, neither of Joel Young's children stood to receive any inheritance unless testator's nephew, great-nephew and a certain Mr. James Welfare (relationship undisclosed to the court) predeceased Joel Young. Even then, the bequest was to have been to testator's "heirs-at-law" as if he had died intestate; his children were not named as beneficiaries. The Third Codicil to the Will was executed January 29, 2001 (Plaintiff's Exhibit 4). It is the first instance of a direct devise to the Debtor by his father of which the Court is aware.

11. This Court questions whether Exhibit 1 is the "Last Will and Testament" to which the first three codicils refer. Exhibit 1 is clearly dated "July 21, 1999" on pages 6 and 7 (the self proving affidavit). The First Codicil refers to a Last Will and Testament executed on October 13, 1999. The signature on same is dated October 15, 1999. The Second Codicil, dated May 2, 2000, refers to the Last Will and Testament executed on July 21, 1997[SIC]. The Third Codicil executed on January 29, 2001 refers to the Last Will and Testament executed "on July 21, 1997, and amended by codicils dated October 13, 1999 and July 21, 1997". The Fourth Codicil to the Will was

executed February 28, 2001 (two days before the testator's death). *Plaintiff's Exhibit 5*. It amends and republishes the July, 1999 Last Will and Testament (Plaintiff's Exhibit 1). The Fourth Codicil purports to create the trust interest in which the Debtor is a beneficiary. In pertinent part it revokes the prior bequests in trust under Section 4A and amends Section 4A, "Disposition of Estate":

I give, devise and bequest my shares and shareholdings in Partners Energy Corporation, in which I am the sole shareholder, and all my interests and property I own in Partners Energy Corporation, to my nephew, Michael W. Reagor, as trustee, in trust, for the benefit of beneficiaries Vanessa R. Young, who shall receive a, [deletion of text after the word "a" is in original Exhibit] my son Scott A. Young, my niece Leslie Marie Frazier and my nephew John W. Reagor. Said Trustee may apply, from time to time, so much of the income and principal of such trust for the comfort, health, support and maintenance of such beneficiaries as the Trustee may deem, in the Trustee's sole discretion, in the best interests of such beneficiaries. ....The Trustee shall have the powers and duties conferred and imposed by the Texas Trust Code....

See *Plaintiff's Exhibit 5*.

persuasiveness of the evidence, if not to its credibility.

Determinations regarding the propriety of the will as a means of transferring property are not within this Court's jurisdiction. The issue before this Court is limited to the matter of whether there is evidence that property passing from the deceased to the Debtor is exempt property rather than property of the estate under 11 U.S.C. § 541. Based upon the weak evidence before it, this Court may not conclude *other* than that the Debtor's father's estate passed by the same rules as if by intestacy. As a result, the Debtor's interest in any personal property or sum of money in which he obtained either legal or equitable title, or over which he gained dominion (e.g. if amounts were deposited into an account for his benefit, within 180 days of the date of the filing of the voluntary petition) must be found to be property of the estate under § 541. *See V.T.C.A. § 113.103* regarding income beneficiary's right to income.

■■■■ Assuming that no will whatsoever was probated, a valid trust might be found to exist provided that the settlor was legally competent. See *V.T.C.A. 112.007.* Given that both the Debtor and Chapter 7 Trustee admit to the existence of a trust created by Joel W. Young benefitting the Debtor, the Court must consider the effect of same. If the Court accepts as true the statements reflected in Exhibit 5 as being Joel Young's, there is evidence of trust *res,* a clear manifestation of intent to create a trust and the appointment of a trustee splitting legal from equitable title. *V.T.C.A. § 112.001(3), § 112.002, § 112.004 and § 112.005.* Regardless this document still fails to support the Debtor's claim of exemption. No specific spendthrift provision in the Fourth Codicil prohibits alienation, assignment or attachment of the assets by either the beneficiaries or their creditors once the trustee exercises discretion to disburse.[12] Debtor's counsel represented to this Court that $20,000 from the Debtor's father's estate awaits distribution. Debtor's counsel represents, and the Chapter 7 Trustee concurs, that, if there is a trust, such trust is discretionary. Any interest in funds under a discretionary trust or under a spendthrift trust[13] once

---

**12.** *Cf.* "According to the great weight of authority, however, where the instrument creating the trust contains no express words of restraint and nothing in its face declaring that the purpose thereof is to provide a support for the beneficiary and to furnish him with the comforts of life, and where it requires that the revenue arising from such trust shall be paid directly to the beneficiary without any direction concerning its application and without any discretion being vested in the trustee as to the time or amount of such payments or the purpose to which they shall be applied, such revenue may be anticipated, or assigned by the beneficiary or by proper proceedings subjected to the payment of his debts." *Nunn v. Titche–Goettinger Co.,* 245 S.W. 421, 422 (Tex.Com.App.1922) citing to *Kingman v. Winchell* (Mo.Sup.) 20 S.W. 296 (1892); *Sherman v. Havens,* 94 Kan. 654, 146 P. 1030, Am.Ann.Cas. 1917B,394 (1915); *Martin v. Davis,* 82 Ind. 38 (1882); *Caldwell v. Boyd,* 109 Ind. 447, 9 N.E. 912 (1887); *Forbes v.*

*Lothrop,* 137 Mass. 523 (1884); *Baker v. Keiser,* 75 Md. 332, 23 A. 735 (1892); *Farmers' & Mechanics' Savings Bank v. Brewer,* 27 Conn. 600 (1858); *Pickens v. Dorris,* 20 Mo.App. 1; *Maynard v. Cleaves,* 149 Mass. 307, 21 N.E. 376 (1889); *Wenzel v. Powder,* 100 Md. 36, 59 A. 194, 108 Am.St.Rep. 380 (1904); *Sears v. Choate,* 146 Mass. 395, 15 N.E. 786, 4 Am.St. Rep. 320 (1888); *O'Hare v. Johnston,* 273 Ill. 458, 113 N.E. 127 (1916); *Dieke v. Dieke,* 182 Ill.App. 13 (1913); *Huntington v. Jones,* 72 Conn. 45, 43 A. 564 (1899); *Girard Life Ins. & Trust Co. v. Chambers,* 46 Pa. 485, 86 Am.Dec. 513 (1864). The *Nunn* Court examined "all the parts of the instrument" for the "clear intention of the donor" in addition to the ability of the beneficiary to invade the corpus.

**13.** The Debtor's counsel argued that there is a spendthrift trust in place protecting the Debtor's interest in proceeds from Partners Energy Corporation. There is no evidence of the

disbursed are no longer impressed with trust characteristics and lose any protection from claims of creditors.[14] A spendthrift trust is to be distinguished from a discretionary trust but may or may not also contain discretionary interests. *Rest.3d Trusts § 58*. There is a difference between a spendthrift trust, a trust for support and a discretionary trust. *Rest.2d Trusts § 152 citing to Brahmey v. Rollins,*

spendthrift trust as to Debtor's interest in his father's estate. Notwithstanding the insufficiency of the documentary evidence, a portion of the Will and a portion of the Fourth Codicil were read into the record at the trial. The Chapter 7 Trustee did not offer controverting evidence or object. Even were there sufficient evidence of a properly probated, will before the Court containing the language read into the record, the spendthrift trust argument would not protect this Debtor. *See transcript at p. 8*. Counsel referred the Court to Plaintiff's Exhibit "1" ("Will"). Section 7(C) of the Will contains specific anti-alienation or "spendthrift" language: "I direct that the interests of the beneficiaries of any and all trusts created hereunder shall not be subject or liable in any manner to or for any of their anticipations, assignments, sales, pledges, debts, contracts, engagements or liabilities, or any legal, equitable or other process." However, Section 7 is entitled "Contingent Trusts" and deals with the occurrence of beneficiaries under the age of 25 years. The Debtor's age is greater than twenty-five years (stipulated by parties in Court) and was so even when the Will was written and executed. The Court must construe the term "hereunder" either to mean either "under this will" in which case its restrictions would encompass the discretionary trust under the Codicil or construe the term "under this section" to refer solely to the contingent trusts for beneficiaries under 25 years of age. Logic and application of the rules of construction force the latter conclusion. As said by the Supreme Court in *Cleveland v. Cleveland*, 89 Tex. 445, 35 S.W. 145 (1896): "The intention of the testator, as shown by the language used in the instrument, must govern, even if it result in what we might consider unjust or absurd consequences. This intention must be ascertained by considering the entire instrument, and the language of a single clause of it will not govern what is the evident intention in the use of that language, when read in connection with the other provisions." *Jones' Unknown Heirs v. Dorchester*, 224 S.W. 596, 603 (Tex. Civ.App.-Amarillo 1920). "When a dominant or general intent is disclosed by the entire will, and a particular or special intent is shown by a clause or provision of the instrument, both will be carried out, if possible. But the general intent will control, at least when it is clearly expressed, in case of conflict with a particular intent, if the two cannot be reconciled. In other words, the general intent appearing from the provisions of the will as a whole must prevail, and any particular clause or provision which, taken alone, would indicate a contrary intention, will yield thereto." 44 Tex.Jur., pp. 694–695, Sec. 138, and cases cited. If two possible constructions present themselves, the one which results in carrying out the dominant scheme of the will should prevail. Construction of a provision which defeats the general scheme of the will is to be avoided. *Long v. Long*, 252 S.W.2d 235, 247 248 (Tex.Civ.App.-Texarkana 1952) citing to *Sims v. McMullan*, Tex.Civ.App., 22 S.W.2d 313 (1929), reversed by Supreme Court on other grounds, *McMullen v. Sims*, Tex.Com.App., 37 S.W.2d 141; *Vogt v. Meyer*, Tex.Civ.App., 169 S.W.2d 745 (1943); *Hunt v. Carroll*, Tex.Civ.App., 157 S.W.2d 429 (1941), error dismissed.

Insofar as the Will clearly segregates and treats the subject matter of bequests to beneficiaries under the age of 25 years, the language of Section 7 cannot be construed to pertain to the Debtor's interests or to the Debtor who passed the 25 year milestone prior to the writing of the Will.

14. "[I]f by the terms of a trust it is provided that the trustee shall pay to or apply for a beneficiary only so much of the income and principal or either as the trustee in his uncontrolled discretion shall see fit to pay or apply, a transferee or creditor of the beneficiary cannot compel the trustee to pay any part of the income or principal."

(2) Unless a valid restraint on alienation has been imposed in accordance with the rules stated in ss 152 and 153, if the trustee pays to or applies for the beneficiary any part of the income or principal with knowledge of the transfer or after he has been served with process in a proceeding by a creditor to reach it, he is liable to such transferee or creditor. Rest 2d Trusts § 155.

87 N.H. 290, 300, 179 A. 186, 193 (1935) [additional cite omitted here].[15]

> While spendthrift trusts are usually regarded as inclusive of all trusts which bar creditors from reaching a life beneficiary's interest, they are in strictness limited to those where the bar arises as the effect of the restraint against alienation and the exclusion of creditors as terms of the instrument of trust. Cases of discretionary trusts and of trusts for support stand on a different principle. In them the bar of the beneficiary's creditors results from the nature of his interest. It is of rights, not in, but to have something done with, property for his personal benefit. In the true spendthrift trust the bar is ordered or directed by the settlor, as an external armor clothing property rights against attack.

*Brahmey v. Rollins, Ibid.* The discretionary trust described in Exhibit 5 is not so clothed.

Finally, no argument or evidence addressed the issue of whether the trust, if enforceable, should be deemed a support trust.[16] Therefore, such issue is not before the court.

## CONCLUSION

The Debtor has failed to demonstrate that his interest in the discretionary trust listed on Schedule "C", as amended, constitutes exempt property. Likewise, Debtor fails to demonstrate that the proceeds of the discretionary trust are protected from the claims of creditors under State Law spendthrift trust provisions. The Debtor's final amendment to his Schedule of Property claimed as exempt indicates that the Debtor seeks to exempt property under Texas State Law. Under the Texas Property Code the Debtor, as a married person, is entitled to exemptions in an amount of personal property the aggregate value of which may not exceed $60,000. Pursuant to *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280, 26 C.B.C.2d 487 (1992), upon the Chapter 7 Trustee's failure to object, property valued at $21,461.63 has already been claimed as exempt. That property remains Debtor's sole exempt property. The Debtor's present vested interest in his father's estate, including the discretionary trust, is property of the bankruptcy estate. For the foregoing reasons, the Motion To Determine Property As Exempt should be de-

---

**15.** Where, however, the beneficiary's interest is not limited to his needs for support, his interest is assignable and reachable by his creditors, unless a valid restraint on alienation is imposed. *Jones v. Reese,* 65 Ala. 134 (1880); *Philp v. Trainor,* 100 So.2d 181 (Fla. App.1958) *(citing Restatement of Trusts, s 154); Clay v. Hamilton,* 116 Ind.App. 214, 63 N.E.2d 207 (1945) *(citing Restatement of Trusts, s 154); Huffman v. Chasteen,* 307 Ky. 1, 209 S.W.2d 705 (1948); *Wenzel v. Powder,* 100 Md. 36, 59 A. 194 (1904); *Sparhawk v. Cloon,* 125 Mass. 263 (1878); *Maynard v. Cleaves,* 149 Mass. 307, 21 N.E. 376 (1889); *Thornton v. Stanley,* 55 Ohio St. 199, 45 N.E. 318 (1896); *Jastram v. McAuslan,* 26 R.I. 320, 58 A. 952 (1904); *Young v. Easley,* 94 Va. 193, 26 S.E. 401 (1897). *See Fidelity Union Trust Co. v. Stengel,* 43 N.J.Super. 513, 129·

A.2d 302 (1957) *(citing Restatement of Trusts, s 154).*

Rest.2d Trusts § 154.

**16.** *In re Kinsler,* 24 B.R. 962 (Bkrtcy.N.D.Ga. 1982) involved a trust where income was payable to the debtor in all events and corpus could be invaded for the debtor's support and reasonable comfort. There were also specific spendthrift provisions in the decedents last will and testament. Regardless, the court held that the income interest was subject to the claims of creditors since it was required to be paid in all events; but that the principal of the trust was shielded from creditors as a support trust, even though the trust held more assets than were needed for the debtor's support. Furthermore, the court could not compel the trustee to make payments out of corpus.

nied. An order shall be entered accordingly.